**Alexis BLACK, Plaintiff,**

**and**

**Brian Michaels; Barry Adams, Plaintiffs–Appellants,**

**v.**

**Russel ARTHUR, an individual and in his official capacity as Special Agent Law Enforcement Officer of the Forest Service of the United States Department of Agriculture; John Carpenter, an individual and in his official capacity as Special Agent Law Enforcement Officer of the Forest Service of the United States Department of Agriculture; United States Forest Service, United States Department of Agriculture, Defendants–Appellees.**

**Alexis Black; Carla Newbre; John Johnson; Susan Bernstein, Plaintiffs–Appellants,**

**and**

**Brian Michaels; Barry Adams, Plaintiffs,**

**v.**

**Russel Arthur, an individual and in his official capacity as Special Agent Law Enforcement Officer of the Forest Service of the United States Depart-**

13. 15 U.S.C. § 1012(b).

14. *Jordan v. AVCO Fin. Servs.*, 117 F.3d 1254, 1258 (11th Cir.1997).

ment of Agriculture; John Carpenter, an individual and in his official capacity as Special Agent Law Enforcement Officer of the Forest Service of the United States Department of Agriculture; United States Forest Service, United States Department of Agriculture, Defendants–Appellees.

Nos. 98–36044, 98–36046.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 1999

Filed Feb. 9, 2000

Reed Lee, JD Obengerger and Associates, Chicago, Illinois, for plaintiffs-appellants Black, et al.

Brian Michaels, Eugene, Oregon, for plaintiffs-appellants Michaels, et al.

Howard S. Scher, United States Department of Justice, Washington, D.C., for the defendants-appellees.

Before: ALDISERT,[1] KLEINFELD, and W. FLETCHER, Circuit Judges.

W. FLETCHER, Circuit Judge:

Appellants argue that a United States Forest Service regulation requiring group use permits for use of National Forest lands is unconstitutional. Our recent decision in *United States v. Linick,* 195 F.3d 538 (9th Cir.1999), holding that the regulation in question is not unconstitutionally overbroad, forecloses part of their argument. It does not foreclose, however, other arguments, including appellants' central argument in this case that the Forest Service cannot constitutionally require the signature of a Rainbow Family member as a condition of granting a permit.

I

Appellants are members of the Rainbow Family, a loosely structured group of people who gather periodically on National Forest land to pray for peace and to discuss political and environmental issues. Their gatherings have occurred at least once annually since 1972 and have become more frequent in recent years. Attendance at the weeks-long events can exceed 20,000 people.

In the past, the Rainbow Family customarily has communicated with the Forest Service prior to the gatherings in order to plan logistics. This communication has yielded "operating plans" detailing things like the location of food preparation areas, the location of latrines, the timing of gathering activities, and the nature of clean-up and restoration activities. After Forest Service regulations implementing procedures for the operating plans were held unconstitutional in 1988, *see United States v. Rainbow Family,* 695 F.Supp. 294, 312–13 (E.D.Tex. 1988), the regulations were amended. Appellants challenge Subpart B of the amended regulations, 36 C.F.R. § 251.

Subpart B governs "special uses," meaning uses other than timber harvesting, grazing, and mineral extraction. *See* 36 C.F.R. § 251.50(a). Most people engaging in a special use, *e.g.*, hikers, campers, hunters, and boaters, do not need a permit. *See* 36 C.F.R. § 251.50(c). Section 251.50, however, requires special use authorizations for some non-commercial group uses. *See* 36 C.F.R. § 251.50(c)(1)-(3). Rainbow Family gatherings constitute such a group use because they involve gatherings of 75 or more people. *See* 36 C.F.R. §§ 251.50(c)(3), 251.51.

Appellants challenge the special use permit regulation as unconstitutional. They assert that because the regulation vests unbridled discretion in the Forest Service, it constitutes an invalid prior restraint. In addition, they strenuously object to the signature requirement found in § 251.54(h)(1)(viii),[2] which they maintain constitutes an invalid prior restraint and an invalid time, place, and manner restriction. The district court dismissed plaintiffs' action for failure to state a claim. We affirm the dismissal, although for different reasons from those given by the district court.

II

As a threshold matter, we reject appellants' contention that the challenged Forest Service regulation does not apply to them because a Rainbow Family gathering does not have an internal governing structure that would make it a "group." "Group use" is defined in the regulations as "an activity conducted on National Forest System lands that involves a group of 75 or more people, either as participants or spectators." 36 C.F.R. § 251.51. It is

1. Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

2. This regulation has recently been renumbered. The signature requirement can now be found at 36 C.F.R. § 251.54(g)(3)(ii)(H).

undisputed that Rainbow Family gatherings involve more than 75 people. The Rainbow Family's internal governing structure, or lack thereof, is not relevant to whether such gatherings fall within the scope of § 251.51.

Appellants argue that the special use regulations constitute an invalid prior restraint because they vest unbridled discretion in the Forest Service to determine who gets a permit and under what conditions. We recently resolved that issue in a criminal proceeding brought against members of the Rainbow Family. *See United States v. Linick,* 195 F.3d 538 (9th Cir. 1999). In *Linick,* we held that although 36 C.F.R. § 251.56(a)(2)(vii) once "vest[ed] the Forest Service with the power to restrict the use of public land for an unlimited number of reasons," it no longer does so. *Id.* at 541. The Forest Service's recently promulgated interpretive rule, *see* 64 Fed.Reg. 48,959 (1999), "saves the scheme" by enforcing "a self-imposed limit on the Forest Service's previously unbridled discretion in attaching terms and conditions to permits." *Linick,* 195 F.3d at 542–43. In light of the interpretive rule, we held that 36 C.F.R. § 256.56 constitutes neither a facially invalid prior restraint nor a facially invalid time, place, or manner restriction. *See id.* at 543.

Appellants further argue that the Forest Service regulation should be subjected to strict scrutiny because, though ostensibly content-neutral, it was in fact intended to target the Rainbow Family and to stifle its message. The impetus for the Forest Service's amending its regulation regarding group use permits may, indeed, have been its prior experience with Rainbow Family gatherings. But, as we wrote in *Foti v. City of Menlo Park,* 146 F.3d 629, 635 (9th Cir.1998), even if the Forest Service had specific experiences in mind when it adopted the challenged regulation, "[t]he appropriate level of scrutiny is tied to whether the statute distinguishes between prohibited and permitted speech on the basis of content." The challenged regulation manifestly does not so distinguish; rather it is a generally worded, facially neutral permit regulation applicable to all groups of 75 or more people, whether the activity at issue is speech or not.

] Finally, appellants argue vigorously that the requirement of 36 C.F.R. § 251.54(h)(1)(viii) that a permit be signed by a member of a group renders the regulation unconstitutional. Appellants maintain that this section, which requires a person 21 years of age or older to "sign a special use authorization on behalf of the applicant," *Id.*, impermissibly chills speech by imposing an undefined and unlimited vicarious liability upon the using group. We find nothing in the regulation that gives the Forest Service a vague and undefined power to impose unexplained blanket liability. To the contrary, the group liability imposed for violation of the permit is strictly confined. As we construe the regulation (and as the government agreed at oral argument), the only group liability provided under the regulation for failure to comply with the permit is revocation and suspension of the permit. *See* 36 C.F.R. § 251.60(a)(1).

Appellants maintain, further, that an individual signing a permit on behalf of the Rainbow Family will be subject to individual liability as a result of his or her signature. We do not construe the regulation to permit such liability against an individual signer. An individual who signs a permit under the regulation does so as an agent for the group and provides his or her name and address solely in order to allow "notice of actions pertaining to the application" to be communicated to the group. *See* 36 C.F.R. § 251.54(e)(1);[3] *see also* § 251.54(h)(1)(viii). We construe the regulation as providing for no individual liability whatsoever as a result of the signature,[4] and the government explicitly

3. This provision is now found at 26 C.F.R. § 251.54(d)(1).

4. We note that Section 251.56(d) provides that "[h]olders shall pay the United States for all injury, loss, or damage, including fire sup-

agreed with this construction at oral argument. An individual may, of course, be subject to liability for his or her individual acts, but that liability is neither increased nor decreased as a result of signing the permit on behalf of the group.

III

We emphasize that no specific application of the challenged regulation is before us here. This case does not present, and we do not decide, whether the Forest Service's group permitting process has been or will be unconstitutionally applied to the Rainbow Family.

AFFIRMED.

pression costs, in accordance with existing Federal and State laws." Because individuals who sign an application as an agent for a group do not thereby become holders, *see* 36 C.F.R. §§ 251.51, 251.54(h)(1)(viii), there is no possibility that they could be held personably liable under this provision.