**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

PHILLIP WILLIAM GEORGE,
        *Defendant-Appellant.*

No. 08-30339

D.C. No.
CV-07-2119-WFN

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielson, District Judge, Presiding

Argued and Submitted
June 2, 2009—Seattle, Washington

Filed September 29, 2010
Amended November 2, 2010

Before: William C. Canby, Jr., David R. Thompson, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Thompson

18051

## COUNSEL

Rebecca Louise Pennell, Assistant Federal Public Defender, Yakima, Washington, for the defendant-appellant.

Alexander C. Ekstrom, Assistant United States Attorney, Yakima, Washington, for the plaintiff-appellee.

## ORDER

The opinion filed September 29, 2010 is amended by deleting footnote 3 and inserting the following footnote 3 in its place:

> [3]The registration requirements became applicable to pre-SORNA sex offenders no later than the February 28, 2007 issuance of the Attorney General's interim order. 72 Fed. Reg. 8894. Because George's failure to register occurred several months *after* the interim order issued, the parties do not address—and we need not resolve—whether SORNA's registration requirements apply to pre-SORNA sex offenders upon the statute's July 27, 2006 enactment or upon the later February 28, 2007 issuance of the interim order. *See Carr*, 130 S. Ct. at 2234 n.2 (noting, without expressing an opinion, that there is a "conflict among the Courts of Appeals as to when SORNA's registration requirements became applicable to persons convicted of sex offences prior to the

statute's enactment"). Either way, SORNA applied to George at the time of his arrest in Washington in September 2007. And, as we concluded above, Washington's failure to implement SORNA does not bar federal prosecution for George's failure to register.

The amended opinion is filed with this order.

The appellant's petition for rehearing en banc filed October 13, 2010 is pending before the court. No further petitions for rehearing or for rehearing en banc may be filed.

---

## OPINION

THOMPSON, Senior Circuit Judge:

Defendant-Appellant Phillip William George ("George") was convicted of the federal crime of sexual abuse of a minor on an Indian reservation in violation of 18 U.S.C. §§ 2243(a) and 1153. He served his sentence for that offense, but then he failed to register as a sex offender in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250. He was convicted of that offense in 2008, pursuant to a conditional guilty plea, and now appeals that conviction. He contends his conviction is invalid because the state where he was required to register, Washington, had not implemented SORNA. He also argues SORNA's registration requirement is an invalid exercise of congressional power and violates the *Ex Post Facto Clause* of the Constitution.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm George's conviction.

I

*Washington's Failure to Implement SORNA*

**[1]** On July 27, 2006, the Adam Walsh Child Protection and Safety Act of 2006 became law. Public Law 109-248, Secs. 1-155, 120 Stat. 587, 590-611 (2006). Section 141 of the Act includes SORNA.[1] On February 28, 2007, the Attor-

---

[1]SORNA's registration requirements are set forth in 42 U.S.C. § 16913, and provide:

    a.   In general

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

    b.   Initial registration

The sex offender shall initially register —

(1)   before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or

(2)   not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

    c.   Keeping the registration current

A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

    d.   Initial registration of sex offenders unable to comply with subsection (b) of this section

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offend-

ney General issued an interim rule, clarifying that SORNA applies to all sex offenders regardless of when they were convicted. 72 Fed. Reg. 8894, 8896 (Feb. 28, 2007). "SORNA's direct federal law registration requirements for sex offenders are not subject to any deferral of effectiveness. They took effect when SORNA was enacted on July 27, 2006, and currently apply to all offenders in the categories for which SORNA requires registration." *Id.* at 8895.

If a sex offender fails to register as required under § 16913, he or she can be prosecuted under 18 U.S.C. § 2250. Section 2250 states:

>   (a) In general. —Whoever—
>
>   (1) is required to register under [SORNA];
>
>   (2)(A) is a sex offender as defined for the purposes of [SORNA] by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>
>   (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

---

ers convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

e.   State penalty for failure to comply

Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter.

(3) knowingly fails to register or update a registration as required by [SORNA];

shall be fined under this title or imprisoned not more than 10 years, or both.

George argues that he may not be indicted for a failure to register under SORNA because SORNA's registration requirements become effective only after they have been implemented by an applicable state.

**[2]** Whether an applicable state's failure to implement SORNA precludes a federal prosecution for failure to register as a sex offender in that state is a matter of first impression within our circuit. George is correct that SORNA includes a provision requiring implementation by each state. 42 U.S.C. § 16924(a). George, however, misconstrues the scope and effect of SORNA's implementation provision. That the states have until July 2009 to implement the administrative portions of SORNA, does not preclude federal prosecution for George's failure to register under SORNA. 72 Fed. Reg. at 8895 ("In contrast to SORNA's provision of a three-year grace period for jurisdictions to implement its requirements, SORNA's direct federal law registration requirements for sex offenders are not subject to any deferral of effectiveness.").

SORNA requires states to implement sex offender registries which comply with SORNA requirements by July 2009 or lose part of their federal funding. 42 U.S.C. §§ 16924(a); 16925(a); 72 Fed. Reg. 30210, 30211. With regard to the requirements that individuals register, SORNA establishes a criminal offense for the failure to register or to update a registration. 18 U.S.C. § 2250; 72 Fed. Reg. 8894, 8895.

**[3]** There is no clear direction from Congress instructing that an individual's obligation to register is dependent on a state's implementation of SORNA. *See Gozlon-Peretz v. United States*, 498 U.S. 395, 404 (1991). Indeed, it is not so

dependent, as explained by the Eighth Circuit in *United States v. May,* 535 F.3d 912, 916-19 (8th Cir. 2008), *cert. denied,* 129 S.Ct. 2431 (2009), adopted by the Tenth Circuit in *United States v. Hinkley,* 550 F.3d 926, 930 (10th Cir. 2008). Other circuits have reached the same result. *See United States v. Guzman,* 591 F.3d 83, 93 (2nd Cir. 2010) ("SORNA creates a federal duty to register with the relevant existing state registries regardless of state implementation of the specific additional requirements of SORNA."); *United States v. Brown,* 586 F.3d 1342, 1347-49 (11th Cir. 2009); *United States v. Gould,* 568 F.3d 459, 463-66 (4th Cir. 2009). Without regard to whether SORNA is implemented by Washington or any other state, registration under it is required. We hold that George violated SORNA by failing to register as a sex offender.

George argues that an interpretation determining 18 U.S.C. § 2250 to be applicable pre-implementation by an applicable state renders the statute impermissibly vague. In support of this argument, he contends that such an interpretation leaves it unclear what it means to register as a sex offender "as required by SORNA" when a state's registration system is not "SORNA-compliant."

**[4]** This argument is without merit because George was required to register as a sex offender even before the enactment of SORNA. As stated in the plea agreement he entered in this case, he had signed a notice of conditions of registration in connection with his 2003 sexual abuse conviction in the United States District Court for the District of Idaho "which included a requirement to provide notice of any change of address, and if [he] should move to another state, to register in the state and notify Idaho of the move." Moreover, § 2250 plainly requires a sex offender to register and update any registration according to SORNA's requirements. 18 U.S.C. § 2250(a). Under 42 U.S.C. § 16913, which sets out "Registry requirements for sex offenders," a sex offender must register, registration must be kept current, and for initial

registrations, a sex offender must register in the jurisdiction of conviction if different from the jurisdiction of residence. These requirements are clear and easy to understand. The government is correct in that "[i]t is a reasonable construction of 18 U.S.C. § 2250 that the registration requirements mentioned should be found in 42 U.S.C. § 16913, the section from SORNA entitled 'Registry requirements for sex offenders.' "

## II

### Commerce Clause

George contends that SORNA's registration requirements are outside of Congress's commerce clause powers. We disagree.

**[5]** Congress may regulate interstate commerce in three situations: (1) "the use of the channels of interstate commerce"; (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities"; and (3) "those activities having substantial relation to interstate commerce." *United States v. Lopez,* 514 U.S. 549, 558-59 (1995).[2] Congress has the ability to make all laws that are "necessary and proper" for the accomplishment of its commerce clause power. U.S. Const. art. I, § 8, cl. 18. Congress's commerce clause power can reach intrastate activity that has a substantial effect on interstate commerce. *See Wickard v. Filburn,* 317 U.S. 111, 125 (1942).

---

[2]George cites *United States v. Waybright,* 561 F.Supp.2d 1154 (D.Mont.2008) which found that § 16913 was not constitutional because it (1) does not fit within the *Lopez* prongs, (2) is not economic in nature, and (3) created a separate statutory scheme of national regulation of sex offenders instead of facilitating implementation of a federal crime under § 2250. *Id.* at 1163-68. To the extent our reasoning in this opinion differs from the district court's decision in *Waybright,* we disapprove of that decision. *See NASD Dispute Resolution, Inc. v. Judicial Council of State of Ca.,* 488 F.3d 1065, 1069 (9th Cir. 2007).

**[6]** SORNA was enacted to keep track of sex offenders. *See Carr v. United States*, ___ U.S. ___, 130 S.Ct. 2229, 2240 (2010) ("[SORNA was] enacted to address the deficiencies in prior law that had enabled sex offenders to slip through the cracks."). Such offenders are required to "register, and keep registration current, in each jurisdiction" where the offender lives, works, or goes to school. 42 U.S.C. § 16913(a). As stated by the Eighth Circuit, "[t]his language indicates Congress wanted registration to track the movement of sex offenders through different jurisdictions." *United States v. Howell,* 552 F.3d 709, 716 (8th Cir. 2009). "Under § 2250, Congress limited the enforcement of the registration requirement to only those sex offenders who were either convicted of a federal sex offense or who move in interstate commerce." *Id.* (citing 18 U.S.C. § 2250(a)(2)). The requirements of § 16913 are reasonably aimed at "regulating persons or things in interstate commerce and the use of the channels of interstate commerce." *Id.* at 717 (quoting *May,* 535 F.3d at 921) (quotation marks omitted).

**[7]** Congress had the power under its broad commerce clause authority to enact the SORNA. *Accord United States v. Whaley*, 577 F.3d 254, 258 (5th Cir. 2009); *United States v. Gould*, 568 F.3d 459, 470-72 (4th Cir. 2009); *United States v. Ambert*, 561 F.3d 1202, 1210 (11th Cir. 2009); *United States v. Hinckley*, 550 F.3d 926, 940 (10th Cir. 2008), *cert. denied*, 129 S.Ct. 2383 (2009); *May*, 535 F.3d at 921.

**[8]** George alternatively argues that Congress does not have the power to require registration based on his status as a federal sex offender under 18 U.S.C. § 2250(a)(2)(A). Again, we disagree. SORNA's registration requirements in that section are valid based on the federal government's "direct supervisory interest" over federal sex offenders. *Carr*, 130 S.Ct. at 2239. As the Court recently explained in *Carr*:

> it is entirely reasonable for Congress to have assigned to the federal government a special role in

ensuring compliance with SORNA's registration requirements by federal sex offenders — persons who typically would have spent time under federal criminal supervision.

*Id.* at 2238. *Compare United States v. Comstock*, 130 S. Ct. 1949 (2010) (upholding under the Necessary and Proper Clause a statute that provided for the civil commitment of sexually dangerous federal prisoners beyond the date they would otherwise be released). We therefore affirm George's conviction based on his status as a federally convicted sex offender under § 2250(a)(2)(A).[3]

## III

### *Ex Post Facto Clause*

[9] George argues that he may not be indicted for a violation of SORNA because the registration requirement of SORNA as applied to him in this case violates the *Ex Post Facto* Clause. Article I, Section 9 of the Constitution prohibits an *ex post facto* law where the law (1) imposes a greater punishment on a defendant than when he was convicted of the underlying offense; (2) makes a punishment for a crime

---

[3]The registration requirements became applicable to pre-SORNA sex offenders no later than the February 28, 2007 issuance of the Attorney General's interim order. 72 Fed. Reg. 8894. Because George's failure to register occurred several months *after* the interim order issued, the parties do not address—and we need not resolve—whether SORNA's registration requirements apply to pre-SORNA sex offenders upon the statute's July 27, 2006 enactment or upon the later February 28, 2007 issuance of the interim order. *See Carr*, 130 S. Ct. at 2234 n.2 (noting, without expressing an opinion, that there is a "conflict among the Courts of Appeals as to when SORNA's registration requirements became applicable to persons convicted of sex offences prior to the statute's enactment"). Either way, SORNA applied to George at the time of his arrest in Washington in September 2007. And, as we concluded above, Washington's failure to implement SORNA does not bar federal prosecution for George's failure to register.

greater than it was when it was committed; or (3) deprives a defendant of a defense available at the time the act was committed. *Collins v. Youngblood,* 497 U.S. 37, 45-46 (1990). For a criminal penal law to be *ex post facto*, it must be retrospective and disadvantage the offender affected by it. *Weaver v. Graham,* 450 U.S. 24, 29 (1981). "A law is retrospective if it changes the legal consequences of acts completed before its effective date." *Miller v. Florida,* 482 U.S. 423, 430 (1987) (internal quotation omitted).

**[10]** George's argument fails because he was under a continuing obligation to register. His violation of SORNA was his failure to register as a sex offender after he moved to Washington. The indictment charged George with failing to register on or about September 27, 2007. That failure occurred after the statute had been enacted.

To avoid this result, George argues that the failure to register is a one-time crime, rather than a continuing offense. He moved to Washington before SORNA was enacted, and he contends his offense, to the extent it was any offense at all, occurred when he moved there and the offense was complete when he failed to register within the required time. He cites *Toussie v. United States,* 397 U.S. 112, 115-122 (1970) for the proposition that the crime of failing to register as a sex offender is a one-time offense. The alleged behavior in *Toussie,* however, was the failure to register for the draft, not the failure to register as a sex offender and, more importantly, included recognition by the Court that the question of whether a crime is deemed continuing should include consideration of the "nature of the crime involved." *Toussie,* 397 U.S. at 115.

Other circuits that have considered this issue have held that the crime of failing to register as a sex offender is a continuing offense. *United States v. Dixon*, 551 F.3d 578, 582 (7th Cir. 2008) ("[SORNA] creates a continuing offense in the sense of an offense that can be committed over a length of time. If the convicted sex offender does not register by the

end of the third day after he changes his residence, he has violated [SORNA], and the violation continues until he does register, just as a prisoner given a two-week furlough is guilty of escape if he does not appear by the end of the two weeks, and thus can be prosecuted immediately but his violation continues as long as he remains at large."); *United States v. Hinckley*, 550 F. 3d 926, 936 (10th Cir. 2008) ("An interpretation of the sex offender registration requirement that defines it in any way other than as a continuing offense would result in absurdity. As the Western District of Virginia points out, 'It would be illogical for members of Congress to express concern that thousands of sex offenders who were required to register under state law were evading those registration requirements and then exempt those same offenders from SORNA.' " (citation omitted)).

[11] We interpret the violation of the sex offender registration requirement as a continuing offense. George violated SORNA after it was enacted, and after any question of its application to him had been removed by the Attorney General's ruling, 72 Fed. Reg. 8894, 8896, thus charging him with a violation was not a violation of the *ex post facto clause*.

## IV

### *Conclusion*

The district court correctly denied George's motion to dismiss the indictment. The registration requirement under SORNA required him to register as a sex offender in the State of Washington, even though Washington had not implemented the statute. SORNA's registration requirements are a valid exercise of congressional power, and do not violate the *ex post facto* clause of the Constitution.

**AFFIRMED.**