FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30197 |
| Plaintiff - Appellee, | D.C. No. 2:08-CR-02138-RHW-1 |
| v. |  |
| STEVEN ANTHONY RANES, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted November 3, 2010
Seattle, Washington

Before: B. FLETCHER, FERNANDEZ and BYBEE, Circuit Judges.

Steven Anthony Ranes appeals the district court's denial of his motion to

dismiss an indictment charging him with failing to register as a sex offender in

violation of 18 U.S.C. § 2250(a). We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. Rule 36-3.

We affirm the conviction but remand to the district court to conform the written judgment to the oral pronouncement of sentence.

At the time of his arrest, Ranes was required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16913, to register and keep his registration current, notwithstanding Washington state's failure to adopt a registration scheme that complies with SORNA. *United States v. George*, No. 08-30339, --- F.3d ----, 2010 WL 4291497 at *3 (9th Cir. Nov. 2, 2010). Further, *George* squarely rejected each of the constitutional challenges to SORNA that Ranes makes on appeal. *Id.* at *3-5.

Ranes argues that the facts set forth in the plea agreement do not amount to a violation of SORNA. We conclude that Ranes is bound by his knowing and voluntary waiver of the right to appeal his conviction and sentence. *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). In some circumstances, a defendant may appeal a conviction notwithstanding an appeal waiver. *See United States v. Ruelas*, 106 F.3d 1416, 1418-19 (9th Cir. 1997) (holding that where the indictment failed to charge all elements of a federal offense, the defendant could appeal the district court's lack of jurisdiction). In this case, however, Ranes's argument that the facts set forth in the plea agreement do not amount to a violation of SORNA is not exempt from that waiver as a challenge to the court's

jurisdiction.  Because of the waiver, we do not reach the merits of Ranes's argument.

Finally, we hold that the district court erred when it issued a written judgment containing a three year term of supervised release, even though the judge did not orally impose any term of supervised release at the sentencing hearing. The unambiguous oral pronouncement of sentence controls.  *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974).  The government agrees that we should remand to the district court to correct the written judgment.

Appellant's conviction is AFFIRMED and the case is REMANDED to the district court with instructions to conform the written judgment to the oral pronouncement of sentence.