**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
   *Plaintiff-Appellant,*

v.

JEFFREY DEAN FERNANDES,
   *Defendant-Appellee.*

No. 09-30135

D.C. No.
1:07-CR-30031-PA

OPINION

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted March 7, 2011*
Portland, Oregon

Filed March 14, 2011

Before: Sidney R. Thomas, Susan P. Graber, and
Richard C. Tallman, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

---

**COUNSEL**

Suzanne A. Bratis, Assistant United States Attorney, Portland, Oregon, for the plaintiff-appellant.

Robert M. Stone, Medford, Oregon, for the defendant-appellee.

---

**OPINION**

PER CURIAM:

Defendant Jeffrey Dean Fernandes pleaded guilty to one count of abusive sexual contact, a violation of 18 U.S.C. § 2244(b). While working as a privately employed security guard at Crater Lake National Park, Defendant went into a dorm room where an intoxicated co-worker lay on the bed. Without her permission, Defendant unbuttoned her blouse. He fondled and kissed her breasts. He also touched the woman's vagina over her pants. Defendant stopped the abuse when two of his co-workers walked in and caught him in the act.

The district court sentenced Defendant to a term of probation. The government asked the court to require Defendant to register as a sex offender, but the court refused. The court observed that Defendant had no prior convictions for sex offenses and found Defendant unlikely to repeat such an offense. In those circumstances, the court did not see a need to force Defendant to register as a sex offender and refused to order Defendant to do so. The government timely appeals that decision.

**[1]** We review de novo the legality of a sentence. *United States v. Dunn*, 946 F.2d 615, 619 (9th Cir. 1991).

Title 18 U.S.C. § 3563(a) provides in relevant part:

> The court shall provide, as an explicit condition of a sentence of probation—
>
> . . . .
>
> (8) for a person required to register under the Sex Offender Registration and Notification Act [42 U.S.C. §§ 16911-16929], that the person comply with the requirements of that Act[.]

A person must register if the person's conviction renders the person a "sex offender." 42 U.S.C. § 16913(a). A "sex offender" is "an individual who was convicted of a sex offense." *Id.* § 16911(1). A "sex offense" is "a criminal offense that has an element involving a sexual act or sexual contact with another." *Id.* § 16911(5)(A)(I). A violation of § 2244(b) thus unquestionably suffices to trigger § 3563(a)(8).

Defendant does not dispute that his conviction makes him a sex offender, rendering § 3563(a)(8)'s registration requirement applicable to him. Yet, for three reasons, Defendant argues that the district court did not err by refusing to require his registration. None of those reasons persuades us.

**[2]** First, relying principally on *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 552 U.S. 85 (2007), Defendant asks us to read the registration requirement in § 3563(a)(8) as discretionary, despite § 3563(a)(8)'s clear directive that the district court *shall* require persons such as Defendant to register as sex offenders as a condition of probation. Although the Supreme Court held in *Booker* and reaffirmed in *Kimbrough* that the federal *Sentencing Commission* may not compel the judiciary to pass a

particular sentence for a specified crime, the Court has held that *Congress* may. *See Mistretta v. United States*, 488 U.S. 361, 364 (1989) ("Congress, of course, has the power to fix the sentence for a federal crime, and the scope of judicial discretion with respect to a sentence is subject to congressional control." (citation omitted)). We therefore reject Defendant's assertion that *Booker* and *Kimbrough* apply when, as here, Congress, by statute, has fixed the terms of a person's probation upon a conviction for a specified crime.

**[3]** Second, Defendant argues that the parsimony principle in 18 U.S.C. § 3553(a)[1] supersedes the mandatory nature of § 3563(a)(8)'s registration requirement because 18 U.S.C. § 3551(a) states that, "[e]xcept as otherwise specifically provided, a defendant . . . shall be sentenced . . . so as to achieve the purposes set forth in . . . section 3553(a)(2)." We disagree. The "except as otherwise provided" clause in § 3551 shows that § 3553(a)'s general parsimony principle does not control if Congress elsewhere has made a particular condition of a sentence mandatory. Section 3563(a)(8) plainly mandates a condition of Defendant's probation. Nothing in § 3551 or § 3553 affects the mandatory nature of that condition.

**[4]** Finally, Defendant challenges the constitutionality of § 3563(a)(8).[2] He argues that, by requiring sex offenders to register as a condition of their probation, § 3563(a)(8) violates procedural due process.[3] In *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003), the Supreme Court rejected

---

[1]Section 3553(a) requires a court to impose a sentence "sufficient, but not greater than necessary" to achieve the purposes set out in § 3553(a)(2).

[2]Defendant's separate assertion that the Sex Offender Registration and Notification Act is an invalid exercise of Congress' power under the Commerce Clause was rejected by this court in *United States v. George*, 625 F.3d 1124, 1130 (9th Cir. 2010).

[3]Defendant also asserts that § 3563(a)(8) violates his substantive due process right. By failing to bolster that assertion with any argument in his brief, Defendant has waived that issue on appeal. *Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 959 n.2 (9th Cir. 2010).

an analogous challenge to a state sex offender registration statute. *See id.* at 7. As the Eleventh Circuit has recognized, *Doe* forecloses due process challenges to the federal statute such as that raised by defendant. *See United States v. Ambert*, 561 F.3d 1202, 1208 (11th Cir. 2009). Defendant was afforded due process in his criminal proceeding and chose to plead guilty to a sex offense. Requiring Defendant to register as a sex offender does not violate his right to procedural due process.

**[5]** REVERSED and REMANDED with instructions to amend the conditions of probation to require Defendant to register as a sex offender.