**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

CHRISTOPHER MATTHEW CLEMENTS,
          *Defendant-Appellant.*

No. 09-10034

D.C. No.
4:08-cr-00303-DCB-
CRP-1

OPINION

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submission Deferred November 30, 2009
Resubmitted August 11, 2011*
San Francisco, California

Filed August 22, 2011

Before: Diarmuid F. O'Scannlain, Johnnie B. Rawlinson, and
Carlos T. Bea, Circuit Judges.

Per Curiam Opinion;
Dissent by Judge O'Scannlain

---

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Appellant's motion for oral argument is denied. This case is resubmitted as of August 11, 2011. Appellee's motion to stay this case pending a decision in *Reynolds v. United States*, 131 S. Ct. 1043 (2011) is denied.

11369

## COUNSEL

Shelley Kay-Glenn Clemens, Esq., Assistant U.S. Attorney, OFFICE OF THE U.S. ATTORNEY, Tucson, Arizona, for the plaintiff-appellee.

John D. Kaufmann, Esq., Tucson, Arizona, for the defendant-appellant.

## OPINION

PER CURIAM:

Christopher Matthew Clements appeals his conviction for failing to register as a sex offender. 18 U.S.C. § 2250. On July 27, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act of 2006. Pub. L. No. 109-248, §§ 1-155, 120 Stat. 587, 590-611 (2006). Title I of the Adam Walsh Act established the Sex Offender Registration and Notification Act ("SORNA"). 42 U.S.C. §§ 16911, 16913. SORNA basically requires that sex offenders register their whereabouts within three business days after their release from imprisonment, and keep their registrations current by updating their registrations within three business days of moving to a new residence, gaining new employment, or entering a new school. *Id.* Failure to register pursuant to SORNA, or to keep one's registration current, is a continuing offense. *See United States v. George*, 625 F.3d 1124, 1131 (9th Cir. 2010).

The criminal penalties for failing to register pursuant to SORNA in 18 U.S.C. § 2250(a) do "not apply to sex offenders whose interstate travel occurred prior to SORNA's effective date." *United States v. Begay*, 622 F.3d 1187, 1195 (9th Cir. 2010) (citation omitted).

Clements was convicted of two counts of unlawful sexual penetration with a foreign object, in violation of Oregon Revised Statute § 163.411, in Oregon state court on June 3, 1998. SORNA was not enacted until July 27, 2006. On February 28, 2007, the Attorney General promulgated an interim regulation that applied the registration requirements of SORNA to defendants convicted of certain sexual offenses

prior to the enactment of SORNA, thus making SORNA retroactive. 72 Fed. Reg. 8894. The superseding indictment charged that Clements failed to comply with the requirements of SORNA on or about February 15, 2008, when he "knowingly failed to register and update a registration" as a sex offender within three business days of relocating and traveling in interstate commerce to Arizona on or about October 5, 2007. Clements challenges the legality of the Attorney General's interim regulation for failure to comply with the Administrative Procedure Act (the "APA").

[1] In *United States v. Valverde*, 628 F.3d 1159, 1168-69 (9th Cir. 2010), we held that for persons such as Clements, who were convicted of sex offenses prior to SORNA's enactment, SORNA's registration requirements did not become effective until August 1, 2008,[1] because the Attorney General's interim regulation did not comply with the APA.

[2] Accordingly, we reverse and remand this case for dismissal of the indictment. Upon his release from imprisonment, Clements will be subject to the provisions of SORNA and will then need to register. In light of our disposition, we need not reach Clements's other challenges to his conviction.

**REVERSED AND REMANDED.**

---

[1]August 1, 2008 is thirty days after the Attorney General published guidelines that accorded with the APA's requirements and announced SORNA's retroactive applicability. *Valverde*, at 1167; *see* 5 U.S.C. § 553; Office of the Attorney General, *The National Guidelines for Sex Offender Registration and Notification*, 73 Fed. Reg. 38,030, 38,046-47 (July 2, 2008).

O'SCANNLAIN, Circuit Judge, dissenting:

This Court has previously held that the Sex Offender Registration and Notification Act ("SORNA") does not apply to sex offenders convicted pre-SORNA unless and until the Attorney General ("AG") promulgates an administrative rule saying that it does. *See United States v. Valverde*, 628 F.3d 1159, 1168-69 (9th Cir. 2010). We also held that the AG's attempt to promulgate such a rule (the "Interim Rule") was void because there was not "good cause" to issue it without first complying with the "notice and comment" requirements of the Administrative Procedure Act ("APA"). *See id.* Instead, we determined that SORNA did not become effective for pre-SORNA offenders until the AG promulgated a final regulation to that effect. *See id.*

We are bound by these rulings and I have concurred in the Court's disposition to that effect. But it now appears that the Supreme Court has granted certiorari in a nearly identical case out of the Third Circuit, *see Reynolds v. United States*, 131 S. Ct. 1043 (2011), and the United States has asked us to stay the instant appeal until the Supreme Court has rendered its decision. Because the Supreme Court will definitively decide this question, I respectfully dissent from the majority's decision to deny the government's motion. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (recognizing a court's inherent power to stay proceedings pending a decision by the Supreme Court in another case).

I

I am particularly inclined to grant a stay because I believe the Supreme Court's decision in *Reynolds* may well impact our decision in *Valverde*. In *Reynolds*, the Court will resolve a deep circuit split as to whether SORNA applies, on its own force, to defendants, like Clements, who were registered sex offenders in one state before Congress enacted SORNA, moved to another state after Congress enacted SORNA, failed

to update their registration, and were indicted before the AG's final regulation on retroactivity took effect. If SORNA does so apply, then the Interim Rule would be superfluous, and any procedural error in its promulgation would be irrelevant to this case.

## II

The relevant portion of SORNA provides:

### (a) In general

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

### (b) Initial registration

The sex offender shall initially register—

(1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or

(2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

### (c) Keeping the registration current

A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this

section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

**(d) Initial registration of sex offenders unable to comply with subsection (b) of this section**

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913.

The courts of appeals which have required AG action before applying SORNA retroactively have focused on subsection (d). They correctly read that provision as giving the AG authority to specify whether and to what extent SORNA applies to any and all sex offenders who were convicted pre-SORNA.

A

But just because the AG has "the authority" to issue rules regarding SORNA's retroactive applicability does not mean that he is required to exercise it. By phrasing the AG's power over retroactivity in permissive rather than mandatory terms, SORNA contemplated a regime without AG guidance. Within that regime, retroactive applicability could be determined only by subsection (a)'s clear command that "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides." This clause makes no exceptions

for sex offenders who have already been convicted. Instead, SORNA specifically defines "sex offender" as "an individual who was convicted of a sex offense." *Id.* § 16911(1) (emphasis added); *see also Carr v. United States*, 130 S. Ct. 2229, 2236 (2010) (noting that the Supreme Court "ha[s] frequently looked to Congress' choice of verb tense to ascertain a statute's temporal reach").

Structure confirms text. Subsection (a) states the two main requirements SORNA imposes on sex offenders: they must register and they must keep that registration current. Subsections (b) and (c) provide deadlines for meeting those obligations. It would be anomalous for subsection (d) then to negate subsection (a) by creating an exception so large that it swallows its rule.

## B

Finally, reading subsection (d) as exempting pre-SORNA convicted sex offenders from SORNA's registration requirements would undermine Congress's stated purpose of "establish[ing] a comprehensive national system for the registration of [sex] offenders." 42 U.S.C. § 16901. As Judge Gorsuch put it, a sex offender registry that excluded all then-existing sex offenders would hardly be "comprehensive," "unless Congress's purpose was to create a comprehensive registration regime for 22nd century sex offenders." *United States v. Hinckley*, 550 F.3d 926, 945 (10th Cir. 2008) (Gorsuch, J., concurring).

Accordingly, it appears that subsection (a) requires all sex offenders to register and to keep their registration current, and subsection (d) merely grants the AG the authority to make exceptions for previously convicted sex offenders if he so chooses. Thus, even if the Interim Rule were invalid for failure to comply with the APA's notice and comment procedures, such fact does not help Clements because it served only

to make indisputably clear what was already established by the text.

## III

Our decision in *Valverde* focused almost entirely on whether the Interim Rule was valid, and did not explicitly consider the argument that SORNA applies retroactively even without administrative action. The Supreme Court will decide the latter question in *Reynolds*. Because it may possibly do so in a way that conflicts with our assumption in *Valverde*, I would wait for the Supreme Court's guidance. Therefore, I respectfully dissent from our order denying the government's motion to stay consideration of this appeal.