PER CURIAM Opinion; Dissent by Judge O’SCANNLAIN.
*1029 OPINION
PER CURIAM:
Christopher Matthew Clements appeals his conviction for failing to register as a sex offender. 18 U.S.C. § 2250. On July 27, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act of 2006. Pub.L. No. 109-248, §§ 1-155, 120 Stat. 587, 590-611 (2006). Title I of the Adam Walsh Act established the Sex Offender Registration and Notification Act (“SORNA”). 42 U.S.C. §§ 16911, 16913. SORNA basically requires that sex offenders register their whereabouts within three business days after their release from imprisonment, and keep their registrations current by updating their registrations within three business days of moving to a new residence, gaining new employment, or entering a new school. Id. Failure to register pursuant to SOR-NA, or to keep one’s registration current, is a continuing offense. See United States v. George, 625 F.3d 1124, 1131 (9th Cir. 2010).
The criminal penalties for failing to register pursuant to SORNA in 18 U.S.C. § 2250(a) do “not apply to sex offenders whose interstate travel occurred prior to SORNA’s effective date.” United States v. Begay, 622 F.3d 1187, 1195 (9th Cir. 2010) (citation omitted).
Clements was convicted of two counts of unlawful sexual penetration with a foreign object, in violation of Oregon Revised Statute § 163.411, in Oregon state court on June 3, 1998. SORNA was not enacted until July 27, 2006. On February 28, 2007, the Attorney General promulgated an interim regulation that applied the registration requirements of SORNA to defendants convicted of certain sexual offenses prior to the enactment of SORNA, thus making SORNA retroactive. 72 Fed.Reg. 8894. The superseding indictment charged that Clements failed to comply with the requirements of SORNA on or about February 15, 2008, when he “knowingly failed to register and update a registration” as a sex offender within three business days of relocating and traveling in interstate commerce to Arizona on or about October 5, 2007. Clements challenges the legality of the Attorney General’s interim regulation for failure to comply with the Administrative Procedure Act (the “APA”).
In United States v. Valverde, 628 F.3d 1159, 1168-69 (9th Cir.2010), we held that for persons such as Clements, who were convicted of sex offenses prior to SORNA’s enactment, SORNA’s registration requirements did not become effective until August 1, 2008,[1] because the Attorney General’s interim regulation did not comply with the APA.
Accordingly, we reverse and remand this case for dismissal of the indictment. Upon his release from imprisonment, Clements will be subject to the provisions of SORNA and will then need to register. In light of our disposition, we need not reach Clements’s other challenges to his conviction.
REVERSED AND REMANDED.

. August 1, 2008 is thirty days after the Attorney General published guidelines that accorded with the APA's requirements and announced SORNA’s retroactive applicability. Valverde, at 1167; see 5 U.S.C. § 553; Office of the Attorney General, The National Guidelines for Sex Offender Registration and Notification, 73 Fed.Reg. 38,030, 38,046-47 (July 2, 2008).