NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 09-30042 |
| | ) | |
| Plaintiff – Appellee, | ) | ORDER* |
| | ) | |
| v. | ) | D.C. No. 2:08-CR-06023-RHW-1 |
| | ) | |
| JOE LUIS REYES, JR., | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted November 2, 2009
Seattle, Washington

Before:    ALARCÓN, FERNANDEZ, and CLIFTON, Circuit Judges.

Joe Reyes, Jr., was convicted and sentenced for failing on January 8, 2008,

to register as a sex offender pursuant to the requirements of the Sex Offender

Registration and Notification Act (SORNA).  See 18 U.S.C. § 2250; see also 42

_____

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

U.S.C. § 16913. On November 24, 2009, we affirmed his conviction and sentence in a memorandum disposition. Our disposition relied upon our prior opinion in United States v. George, 579 F.3d 962 (9th Cir. 2009), which was amended thereafter by United States v. George, 625 F.3d 1124 (9th Cir. 2010).

Reyes filed a petition for rehearing and for rehearing en banc on December 3, 2009, and later filed a motion to dismiss for lack of subject matter jurisdiction. We stayed further action pending final resolution of the issues in George. George has now been vacated and we have ordered that the indictment in that case be dismissed. See United States v. George, No. 08-30339, slip op. 2593 (9th Cir. Mar. 7, 2012). As we then explained:

> The motion to dismiss was based on our opinion in United States v. Valverde, 628 F.3d 1159 (9th Cir. 2010), in which we held that the Attorney General's February 28, 2007 interim rule applying SORNA to sex offenders who were convicted before SORNA's enactment was invalid and that SORNA did not become applicable to such individuals until August 1, 2008. Id. at 1160. The motion to dismiss was held in abeyance pending the Government's petition for a writ of certiorari from Valverde.
>
> The Supreme Court has now denied the Government's petition from Valverde. Accordingly, as George was charged with violating SORNA . . . at a time when we had determined SORNA was not applicable to persons such as George, his motion to dismiss must be granted.

2

Id. at 2593–94.

Of course, our disposition in this case can no longer rely upon George.

More than that, what we said in George applies equally here because Reyes was

also charged with violating SORNA at a time when it did not apply to him.

Therefore, we vacate our prior memorandum disposition and the judgment,

grant the motion to dismiss, and remand to the district court with directions to

dismiss the indictment. The petition for rehearing and for rehearing en banc is now

moot.

REMANDED.