**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.

KENNETH THEODORE MATTIX,
             *Defendant-Appellant.*

No. 12-30013

D.C. No.
3:10-cr-00397-HA-1

OPINION

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Argued and Submitted
July 13, 2012—Portland, Oregon

Filed September 17, 2012

Before: Betty B. Fletcher and Harry Pregerson,
Circuit Judges, and Consuelo B. Marshall, District Judge.*

Per Curiam Opinion

*The Honorable Consuelo B. Marshall, Senior District Judge for the
U.S. District Court for Central California, sitting by designation.

11333

**COUNSEL**

Thomas E. Price, Assistant Federal Public Defender, Portland, Oregon, for appellant Kenneth Theodore Mattix.

Gary Y. Sussman, Assistant United States Attorney, Portland, Oregon, for appellee United States of America.

## OPINION

PER CURIAM:

Kenneth Theodore Mattix appeals his conviction for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). We affirm the conviction and clarify that the outcome of this case is controlled by *United States v. Valverde*, 628 F.3d 1159 (9th Cir. 2010).

### I.

In 1992 Mattix was convicted of first degree sodomy, first degree attempted rape, first degree sexual abuse, and first degree attempted sexual abuse. Because of these convictions, Mattix was required to register as a sex offender. In 2010, Mattix moved from Oregon to Nevada but failed to either update his Oregon registration or register in Nevada. He was arrested in September 2010 and charged with failing to register as a sex offender under 18 U.S.C. § 2250(a).

Section 2250(a) is part of the Sex Offender Registration and Notification Act (SORNA), which, among other things, imposes federal criminal penalties on sex offenders who knowingly fail to register or update their registrations. *See* 18 U.S.C. § 2250; 42 U.S.C. § 16913. Congress enacted SORNA in 2006 but delegated to the Attorney General the authority to determine whether and when SORNA should apply retroactively to sex offenders convicted before SORNA's effective date. *See* 42 U.S.C. § 16913(d); *Reynolds v. United States*, 132 S. Ct. 975 (2012). The Attorney General has exercised this authority and made SORNA retroactive, but the circuits have split over which action by the Attorney General was suc-

cessful in making the statute retroactive. *Compare United States v. Dean*, 604 F.3d 1275 (11th Cir. 2010) (holding that SORNA was made retroactive by the Attorney General's February 28, 2007 interim rule), *and United States v. Gould*, 568 F.3d 459 (4th Cir. 2009) (same), *with United States v. Utesch*, 596 F.3d 302 (6th Cir. 2010) (holding that the February 28, 2007 interim rule was invalid because it failed to comply with the Administrative Procedure Act).

In December 2010, we joined the Sixth Circuit and held in *United States v. Valverde* that the February 28, 2007 interim rule failed to comply with the Administrative Procedure Act and thus failed to make SORNA retroactive. 628 F.3d 1159 (9th Cir. 2010), *cert. denied*, 132 S. Ct. 1534 (2012). Our opinion in *Valverde* also held that SORNA became retroactive on August 1, 2008, when the Attorney General's "SMART" Guidelines interpreting and implementing SORNA became final.[1] *Id.* Because Mattix moved to Nevada and failed to register after August 1, 2008, under *Valverde* his actions are covered by SORNA.

Nonetheless, Mattix moved to dismiss his indictment, arguing that the language in *Valverde* concluding that SORNA became retroactive on August 1, 2008 was dicta, and that SORNA did not actually become retroactive until the Attorney General finalized the February 28, 2007 interim rule "to eliminate any possible uncertainty or dispute concerning the scope of SORNA's application." 75 Fed Reg. 81849, 81850 (Dec. 29, 2010). This final rule went into effect on January 28, 2011 (*after* Mattix's failure to register). The district court denied Mattix's motion to dismiss the indictment, concluding that under *Valverde*, "SORNA'S registration requirements became effective on August 1, 2008 for persons who were convicted of sex offenses prior to SORNA'S enactment."

---

[1] These guidelines were named the "SMART Guidelines" after the Department of Justice Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking Office.

Mattix consented to a bench trial on stipulated facts, was found guilty, and was sentenced to thirty months imprisonment.

Mattix timely appealed the district court's decision denying his motion to dismiss the indictment. We have jurisdiction pursuant to 28 U.S.C. § 1291. Whether SORNA applies retroactively to Mattix is a question of statutory interpretation that we review de novo. *See United States v. Begay*, 622 F.3d 1187, 1193 (9th Cir. 2010).

## II.

**[1]** Mattix's appeal depends entirely on whether his case is controlled by our decision in *Valverde*. In *Valverde*, we expressly concluded that SORNA "bec[a]me effective against pre-enactment offenders . . . [on] August 1, 2008, thirty days after publication of the final SMART guidelines along with the Attorney General's response to comments." 628 F.3d at 1169. Mattix argues that this aspect of *Valverde* was incorrect, and that we need not adhere to it because it is dicta.

**[2]** Mattix's argument is not persuasive, and we clarify today that all of *Valverde*'s holding is binding law in our circuit. The *Valverde* panel framed the question before it as "when SORNA became effective retroactively to sex offenders convicted before the statute's enactment." *Id.* at 1161. The court then considered "three instruments that might have been employed to make SORNA effective retroactively": the interim rule issued by the Attorney General on February 28, 2007; the proposed SMART guidelines issued on May 30, 2007; and the final SMART guidelines issued on July 2, 2008 (which went into effect on August 1). *Id.* at 1164. After recognizing that the circuits were split on the issue, the court determined that the February 2007 interim rule "failed to comply with the APA's notice and comment procedures." *Id.* at 1168. Noting that the government had conceded that the May 2007 preliminary SMART guidelines did not carry the force of law,

the court concluded that SORNA became retroactive on August 1, 2008, the date the final SMART guidelines—which "complied with the APA's procedural requirements"—went into effect. *Id.* at 1164, 1169. Because Valverde's failure to register occurred before August 1, 2008, the court affirmed the dismissal of his indictment. *Id.* at 1169.

Mattix argues that because Valverde's failure to register occurred before August 1, 2008, the *Valverde* court should have ended its inquiry once it determined that the February 2007 rule was invalid, and that it should not have reached the question whether the August 1, 2008 SMART guidelines made SORNA retroactive. Thus, because this part of the holding was unnecessary to the resolution of Valverde's particular case, Mattix argues that it is non-binding dicta. He also argues that the *Valverde* court received insufficient briefing on the question of whether the SMART guidelines actually complied with the APA.

**[3]** These arguments are not persuasive. As discussed above, the *Valverde* court made clear at several points in its opinion that the issue before it was the broader question of when SORNA became retroactive. It also made clear that the issue had been sufficiently briefed:

> The remaining question at issue is when SORNA became effective retroactively to sex offenders convicted before the statute's enactment. Having considered Valverde's argument that SORNA's retroactivity provision did not become valid until the APA's notice and comment requirements were satisfied, as well as having reviewed the Government's brief on that question, and having heard oral argument on that point from both parties, we now hold that the effective date of the retroactivity provision is the date on which that provision fulfilled the requirements of the APA.

*Id.* at 1161-62 (internal footnotes omitted). We will not second-guess the panel's reasoned evaluation of what was properly before it. Furthermore, other Ninth Circuit panels have relied on *Valverde*'s holding in subsequent published decisions. *See, e.g.*, *United States v. George*, 672 F.3d 1126, 1126 (9th Cir. 2012); *United States v. Clements*, 655 F.3d 1028, 1029 (9th Cir. 2011). We therefore conclude that Mattix's appeal is controlled by *Valverde* and that SORNA applied retroactively to Mattix at the time he failed to register as a sex offender.

## III.

For the foregoing reasons, we AFFIRM the district court's denial of Mattix's motion to dismiss the indictment and AFFIRM Mattix's conviction. The judgment of the district court is AFFIRMED.