**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30232 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00020-SEH |
| v. | |
| CHARLES EDWARD JACKSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Charles Edward Jackson appeals from the district court's judgment and

challenges the 96-month sentence imposed following his guilty-plea conviction for

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  We

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Jackson's request for oral argument is denied.

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jackson contends that his sentence 25 months above the high end of the advisory Sentencing Guidelines range is illegal and substantively unreasonable. We review the legality of a sentence de novo, *see United States v. Fernandes*, 636 F.3d 1254, 1255 (9th Cir. 2011) (per curiam), and the substantive reasonableness of a sentence for abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51 (2007). Jackson's 96-month sentence, which is two years below the applicable statutory maximum, is both legally authorized and substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of circumstances, including Jackson's extensive history of violence and gun-related offenses. *See id*.

To the extent that Jackson argues that the government breached the parties' plea agreement by advocating for a sentence above the Sentencing Guidelines range, we decline to consider this argument because it was raised for the first time in Jackson's reply brief. *See United States v. Mejia-Pimental*, 477 F.3d 1100, 1105 n.9 (9th Cir. 2007).

**AFFIRMED.**