UNITED STATES of America,
Plaintiff–Appellee,

v.

John Andres MUNSTERMAN,
Defendant–Appellant.

No. 98–30140.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 1999.

Filed May 25, 1999.

Thomas J. Hester, Assistant Federal Public Defender, Portland, Oregon, for the defendant-appellant.

Fredric N. Weinhouse, Assistant United States Attorney, Portland, Oregon, for the plaintiff-appellee.

Before: KLEINFELD and HAWKINS, Circuit Judges, and SCHWARZER,* Senior District Judge.

SCHWARZER, Senior District Judge:

John Munsterman was indicted and convicted for falsely representing, in connection with the acquisition of a firearm, that he was not under indictment for commission of a felony. At the time of purchase, Munsterman was under an Oregon state indictment for felony sexual abuse. He was charged with violating 18 U.S.C. § 922(a)(6), which makes it unlawful for any person to knowingly make a false statement with respect to any fact material to the lawfulness of the sale of a firearm. His statement that he was not under indictment for a felony was made material to the sale by the statutory prohibitions against the sale of a firearm to, or receipt of a firearm by, a person under a felony indictment, contained in 18 U.S.C. §§ 922(d)(1) [1] and (n).[2]

Munsterman's motion to dismiss his federal indictment on the grounds that §§ 922(d)(1) and (n) are bills of attainder was denied by the district court. After a trial, the jury returned a guilty verdict and defendant now appeals from the judgment, challenging the district court's denial of his motion to dismiss.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1. Section 922(d)(1) states:
   It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person—
   (1) *is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year* . . . .

18 U.S.C. § 922(d) (emphasis added).

2. Section 922(n) states:
   It shall be unlawful for any person who is *under indictment for a crime punishable by imprisonment for a term exceeding one year* to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(n) (emphasis added).

In this appeal we must decide whether §§ 922(d)(1) and (n) violate the Constitution's bar against bills of attainder. U.S. Const. art. I, § 9, cl. 3. We have jurisdiction of the appeal and affirm.

## I. STANDARD OF REVIEW

■ We review de novo a denial of a motion to dismiss claiming a violation of constitutional rights. *See United States v. Doe,* 125 F.3d 1249, 1253 (9th Cir.1997), *cert. denied,* — U.S. —, 118 S.Ct. 1100, 140 L.Ed.2d 154 (1998).

## II. BILL OF ATTAINDER

■ " '[L]egislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial are bills of attainder prohibited by the Constitution.' " *United States v. Brown,* 381 U.S. 437, 448–49, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965) (quoting *United States v. Lovett,* 328 U.S. 303, 315, 66 S.Ct. 1073, 90 L.Ed. 1252 (1946)). Three requirements must be met to establish a violation of the bill of attainder clause: "[S]pecification of the affected persons, punishment, and lack of a judicial trial." *Selective Serv. Sys. v. Minnesota Pub. Interest Research Group,* 468 U.S. 841, 847, 104 S.Ct. 3348, 82 L.Ed.2d 632 (1984). We need address only the first requirement because its absence here is dispositive.

In *United States v. Brown,* the Supreme Court invalidated as a bill of attainder a law that made it a crime for members of the Communist Party to serve as officers of labor unions.[3] The Court reasoned that

> [t]he statute does not set forth a generally applicable rule decreeing that any person who commits certain acts or pos-

sesses certain characteristics (acts and characteristics which, in Congress' view, make them likely to initiate political strikes) shall not hold union office, and leave to courts and juries the job of deciding what persons have committed the specified acts or possess the specified characteristics. Instead, it designates in no uncertain terms the persons who possess the feared characteristics and therefore cannot hold union office without incurring criminal liability-members of the Communist Party.

*Brown,* 381 U.S. at 450. It noted "the fallacy of the suggestion that membership in the Communist Party, or any other political organization, can be regarded as an alternative, but equivalent, expression for a list of undesirable characteristics." *Id.* at 455.

■ Contrary to Munsterman's argument, it does not follow that laws that impose disabilities on some persons or groups are necessarily bills of attainder: "However expansive the prohibition against bills of attainder, it surely was not intended to serve as a variant of the equal protection doctrine, invalidating every Act of Congress or the States that legislatively burdens some persons or groups but not all other plausible individuals." *Nixon v. Administrator of Gen. Servs.,* 433 U.S. 425, 471, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977) (footnote omitted). In *Brown,* the Court specifically distinguished regulatory laws such as the conflict-of-interest laws prohibiting persons involved in underwriting securities from serving as directors or officers of national banks. *See Brown,* 381 U.S. at 454 ("Congress relied upon its general knowledge of human psychology, and concluded that the concurrent holding

---

**3.** *Brown* is the most recent case in which the Supreme Court struck down legislation as a bill of attainder. In three earlier cases, the Court found statutes to constitute bills of attainder. *See United States v. Lovett,* 328 U.S. 303, 106 Ct.Cl. 856, 66 S.Ct. 1073, 90 L.Ed. 1252 (1946) (appropriations bill that prohibited compensation to three named federal employees); *Ex parte Garland,* 71 U.S. (4 Wall.) 333, 18 L.Ed. 366 (1866) (law requiring attorneys to take an oath affirming that they had never aided enemies of the United States or been a member of any organization inimical to the government of the United States); *Cummings v. Missouri,* 71 U.S. (4 Wall.) 277, 18 L.Ed. 356 (1866) (law requiring the same oath of preachers).

of the two designated positions would present a temptation to any man-not just certain men or members of a certain political party."). In *Selective Service,* the Court did not find the requisite specificity in a federal law that withheld financial aid for higher education from persons required to but not yet registered for the draft. *See* 468 U.S. at 849–51. The fact that the law granted applicants a grace period to register for the draft and qualify for aid distinguished the law from the loyalty oath laws struck down as bills of attainder in *Cummings v. Missouri,* 71 U.S. (4 Wall.) 277, 18 L.Ed. 356 (1866) and *Ex parte Garland,* 71 U.S. (4 Wall.) 333, 18 L.Ed. 366 (1866). *See Selective Serv.,* 468 U.S. at 850–51. In contrast to the financial aid provisions, the oath statutes-which barred persons from various professions unless they stated under oath that they had not given aid to enemies of the United States and had never been a member of any organization inimical to the government of the United States-were "intended 'to reach the person, not the calling.'" *Id.* at 848 (quoting *Cummings,* 71 U.S. at 320).

These decisions show that not every law the effect of which is to disable some persons or groups is a bill of attainder. How the class is designated and what purposes the law furthers govern the specificity analysis:

> If a law merely designates a properly general characteristic ... and then imposes upon all who have that characteristic a prophylactic measure reasonably calculated to achieve a nonpunitive purpose, no attainder may be said to have resulted from the mere fact that the set of persons having the characteristic in question might in theory be enumerated in advance and that the set is in principle knowable at the time the law is passed.

Laurence H. Tribe, *American Constitutional Law* § 10–4 at 643 (2d ed.1988).

■ Sections 922(d)(1) and (n) set forth a rule generally applicable to all persons possessing a certain characteristic, i.e., having been indicted for a felony. They are reasonably calculated to achieve a nonpunitive public purpose, i.e., to keep firearms out of the hands of persons who, having been indicted for felonies, may "have a somewhat greater likelihood than other citizens to misuse firearms." *See United States v. Graves,* 554 F.2d 65, 72 (3d Cir.1977) (en banc).

We conclude that §§ 922(d)(1) and (n) do not meet the specificity requirement of a bill of attainder.

AFFIRMED.