Roger W. KNIGHT, Plaintiff–Appellant,

v.

Ronal W. SERPAS, Chief of the Washington State Patrol; et al., Defendants–Appellees.

No. 03–35016.

D.C. No. CV–02–01641–JCC.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 18, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Appeal from the United States District Court for the Western District of Washington, John C. Coughenour, District Judge, Presiding.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Roger M. Knight appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising out of efforts to enforce his child support obligation. We have jur-

isdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.2003), and may affirm on any ground supported by the record, *Flamingo Indus. (USA) Ltd. v. U.S. Postal Serv.*, 302 F.3d 985, 997 (9th Cir.2002).

The district court properly dismissed Knight's Fourth and Fourteenth Amendment unreasonable seizure claims because these claims were litigated and decided in a prior district court proceeding, and affirmed on appeal, *Knight v. City of Seattle*, 2003 WL 1900758 (9th Cir. April 16, 2003). *See Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 910–11 (9th Cir.1997).

The district court properly dismissed Knight's Fourteenth Amendment claim alleging failure to meet the notice requirements of Was. Rev.Code § 74.20A.320(1) because Knight was served by certified mail with the notice of noncompliance and intent to suspend licenses.

The district court properly dismissed Knight's claim alleging that the WorkFirst Act was an unconstitutional bill of attainder because Knight was properly given notice and had judicial remedies under Was. Rev.Code § 74.20A.320. *See United States v. Munsterman*, 177 F.3d 1139, 1141 (9th Cir.1999) (listing the requirements to establish a bill of attainder claim is: specification of the affected persons, punishment, and lack of a judicial trial).

Knight's ex post facto challenge to the WorkFirst Act fails because it is undisputed that he has been more than six months in arrears in his child support payments subsequent to the effective date of the Act in 1997 and he did not receive notice of the pending suspension of his

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

832

license until July 4, 2000. *See United States v. Grice,* 319 F.3d 1174, 1178 (9th Cir.2003) (statutes providing punishments for acts commenced prior to and continuing past the effective date of the statute do not violate the ex post facto clause).

The district court properly dismissed Knight's claim alleging violations of the anti-peonage statute, 42 U.S.C. § 1994, and the Thirteenth Amendment because Knight was not subject to peonage, or involuntary servitude in liquidation of any debt or obligation. *See United States v. Kozminski,* 487 U.S. 931, 943, 108 S.Ct. 2751, 101 L.Ed.2d 788 (1988) (defining involuntary servitude); *Clyatt v. United States,* 197 U.S. 207, 215, 25 S.Ct. 429, 49 L.Ed. 726 (1905) (interpreting 42 U.S.C. § 1994).

AFFIRMED.