**Roger W. KNIGHT, Plaintiff–Appellant,**

v.

**CITY OF MERCER ISLAND; et al., Defendants–Appellees.**

No. 03–35116.

D.C. No. CV–02–00879–RSL.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2003.*

Decided June 23, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Roger M. Knight appeals pro se the district court's summary judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising out of efforts to enforce his child support obligation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, and may affirm on any ground supported by the record, *Commonwealth Utilities Corp. v. Goltens Trading & Engineering PTE Ltd.,* 313 F.3d 541, 545–46 (9th Cir.2002).

Because Knight has already litigated the constitutionality of the WorkFirst Act under the Washington State Constitution, *Knight v. Dep't. of Soc. & Health*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Servs.,* No. 46753–1–H, 2001 WL 316193 (Wash.Ct.App. Apr.2, 2001), his action is barred by collateral estoppel and was properly dismissed on summary judgment. *See In re Diamond,* 285 F.3d 822, 826 (9th Cir.2002).

■ The district court properly granted summary judgment on Knight's Fourteenth Amendment claim alleging failure to meet the notice requirements of Was. Rev.Code § 74.20A.320(1) because Knight was served by certified mail with the notice of noncompliance and intent to suspend licenses.

■ The district court properly granted summary judgment on Knight's claim alleging that the WorkFirst Act was an unconstitutional bill of attainder because Knight was properly given notice and had judicial remedies under RCW 74.20A.320. *See United States v. Munsterman,* 177 F.3d 1139, 1141 (9th Cir.1999).

■ Knight's ex post facto challenge to the WorkFirst Act fails because it is undisputed that he has been more than six months in arrears in his child support payments subsequent to the effective date of the Act in 1997 and he did not receive notice of the pending suspension of his license until July 4, 2000. *See United States v. Grice,* 319 F.3d 1174, 1178 (9th Cir.2003) (statutes providing punishments for acts commenced prior to and continuing past the effective date of the statute do not violate the ex post facto clause).

■ The district court properly granted summary judgment on Knight's claim alleging violations of the anti-peonage statute, 42 U.S.C. § 1994, and the Thirteenth Amendment because Knight was not subject to peonage, or involuntary servitude in liquidation of any debt or obligation. *See United States. v. Kozminski,* 487 U.S. 931, 943, 108 S.Ct. 2751, 101 L.Ed.2d 788 (1988) (defining involuntary servitude); *Clyatt v. United States,* 197 U.S. 207, 215, 25 S.Ct.

429, 49 L.Ed. 726 (1905) (interpreting 42 U.S.C. § 1994).

■ The district court properly entered a litigation bar preventing Knight from filing any further frivolous filings regarding the constitutionality of his child support order, or the WorkFirst Act. *See De-Long v. Hennessey,* 912 F.2d 1144, 1147–48 (9th Cir.1990) (requiring notice, an adequate record for review, history of frivolous actions, and a narrowly-tailored order).

We grant dismissal of the claims against the City of Mercer Island, Alan Merkle, Ron Elose, Wayne Stewart, Loni K. Kindell, and Superior Towing pursuant to a stipulation between Knight and said Appellees. *See* Fed. R.App. P. 42(b).

■ We decline to review Knight's contentions raised for the first time on appeal. *See Connecticut General Life Ins. Co. v. New Images of Beverly Hills,* 321 F.3d 878, 882 (9th Cir.2003).

AFFIRMED.