**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37287**

| | | |
|---|---|---|
| DAVID ZIVKOVIC, | ) | 2011 Opinion No. 15 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 30, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Oneida County. Hon. David C. Nye, District Judge.

Order summarily dismissing application for post-conviction relief, <u>affirmed</u>.

David Zivkovic, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

David Zivkovic appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Zivkovic pled guilty to unlawful possession of a firearm by a felon, I.C. § 18-3316, and was admitted to the Oneida County DUI/Drug Court program. After Zivkovic was terminated from the program, the district court entered Zivkovic's judgment of conviction and imposed a unified sentence of five years, with a minimum period of confinement of three years. Subsequently, Zivkovic filed an application for post-conviction relief pursuant to I.C. §§ 19-4901 to 19-4911. In his application, Zivkovic argued that his counsel was ineffective for failing to argue that I.C. § 18-3316 was unconstitutional as a bill of attainder under the United States and Idaho Constitutions and that it violated the Ex Post Facto Clause of the United States

Idaho Constitutions. Zivkovic also alleged that his termination from the drug court program violated his due process rights.

The state filed an answer to Zivkovic's application for post-conviction relief, which contained within it a motion for summary dismissal. Zivkovic filed a response. The district court issued a notice of intent to dismiss Zivkovic's application. Zivkovic was given more than twenty days to respond, but he failed to do so. The district court issued an order dismissing all of Zivkovic's claims. Zivkovic appeals.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). An application for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. A claim for post-conviction relief will be subject to summary dismissal if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof. *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is

permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). In post-conviction actions, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

### III.

### ANALYSIS

On appeal, Zivkovic argues that the district court erred in summarily dismissing his application for post-conviction relief. Zivkovic argues that the district court erred when it dismissed his ineffective assistance of counsel claims because the district court ignored factual evidence and relied on authority in conflict with United States Constitution and United States Supreme Court precedent.[1]

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho

---

[1]     Zivkovic alleged a violation of his due process rights in his application. However, he did not raise his due process claim on appeal.

313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the defendant was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

## A.     Bill of Attainder

Zivkovic argues that the district court erred in dismissing his claim that his counsel was ineffective for failing to argue that the felon in possession of a firearm statute, I.C. § 18-3316, is a bill of attainder prohibited by the United States and Idaho Constitutions. The United States Constitution, in denying powers to the states, declares that "no state shall . . . pass any bill of attainder." U.S. CONST. art. I, § 10, cl. 1. Similarly, the Idaho Constitution states that "no bill of attainder . . . shall ever be passed." IDAHO CONST. art. I, § 16. A bill of attainder is any legislation that targets an easily ascertainable group, determines guilt, and inflicts punishment without the protections of a judicial trial. *United States v. Brown*, 381 U.S. 437, 448-49 (1965); *State v. Lovelace*, 140 Idaho 53, 71, 90 P.3d 278, 296 (2003), *on reh'g* 140 Idaho 73, 90 P.3d 298 (2004); *State v. Gee*, 107 Idaho 991, 993, 695 P.2d 376, 378 (1985). Three requirements must be met to establish a violation of the Bill of Attainder Clause--specification of the affected persons, punishment, and lack of judicial trial. *United States v. Munsterman*, 177 F.3d 1139, 1141 (9th Cir. 1999).

Idaho Code Section 18-3316(1), the unlawful possession of a firearm by a felon statute, provides, in relevant part:

> A person who previously has been convicted of a felony who purchases, owns, possesses, or has under his custody or control any firearm shall be guilty of a felony and shall be imprisoned in the state prison for a period of time not to exceed five (5) years and by a fine not to exceed five thousand dollars ($5,000).

4

Whether this statute constitutes a bill of attainder has never been addressed in Idaho, although other states have analyzed their own similar felon in unlawful possession of firearm statutes and have held that such statutes do not constitute bills of attainder. *See*, *e.g.*, *State v. Swartz*, 601 N.W.2d 348, 351-52 (Iowa 1999); *State v. Myrick*, 436 A.2d 379, 383-84 (Me. 1981); *State v. Whitaker*, 700 S.E.2d 215, 220 (N.C. 2010).

The first indicator of a bill of attainder is the specificity of the persons who are affected by the legislation. *Langford v. Day*, 134 F.3d 1381, 1382-83 (9th Cir. 1998). Idaho Code Section 18-3316 sets forth a rule generally applicable to all persons having a certain characteristic--being convicted of a felony. Any person who has been convicted of a felony in Idaho is subject to I.C. § 18-3316 and prohibited from possessing a firearm. I.C. § 18-3316(1). Therefore, the group of individuals affected by I.C. § 18-3316 is specific and ascertainable.

However, the second characteristic of a bill of attainder--that it imposes punishment on the specified group or individual--is not present here. The prohibition against bills of attainder relates only to penal laws which inflict a disability for the purpose of punishment. *Donofrio,* 450 F.2d at 1056. The regulation of guns in the hands of previously convicted felons is designed to accomplish a nonpunitive public purpose--to keep firearms out of the hands of persons who, having been convicted of felonies, may have a greater likelihood than other citizens to misuse firearms. *Munsterman*, 177 F.3d at 1142. When the disability is designed to accomplish some legitimate government purpose other than punishment, it does not constitute a bill of attainder. *Donofrio*, 450 F.2d at 1056. Here, I.C. § 18-3316 accomplishes the legitimate government purpose of keeping firearms out of the hands of felons who are more likely than others to misuse them. Zivkovic was not being punished for his membership in a particular group but, rather, for his violation of a regulation validly imposed upon that group through the legislative process. *See Swartz*, 601 N.W.2d at 351.

Finally, a bill of attainder imposes punishment on the specified group without the protection of a judicial trial. *Langford*, 134 F.3d at 1382-83; *Lovelace*, 140 Idaho 53, 71, 90 P.3d 278, 296. Statutes, which set forth a generally applicable rule and leave to courts and juries the job of deciding what persons have committed the specified acts, do not constitute bills of attainder. *United States v. Brown* 381 U.S. 437, 449-50 (1965). Whether the trial is before a judge or a jury, the defendant is guaranteed the protections of the judicial process prior to a finding that he or she is guilty of unlawful possession of a firearm under I.C. § 18-3316.

Zivkovic's conviction in the present case was not punishment imposed without judicial process. He was given an opportunity to present his case to a jury, but voluntarily chose to enter a guilty plea and enter the drug court program. In this case, Zivkovic received all of the judicial protections that could be afforded him.

Idaho's unlawful possession of a firearm by a felon statute is not an illegal bill of attainder because it does not impose punishment without judicial protections. Zivkovic's counsel was not required to raise a nonmeritorious issue in the court below. In addition, Zivkovic has failed to demonstrate that, had the issue been raised below, he would have insisted on proceeding to trial. Therefore, we hold that the district court did not err in dismissing Zivkovic's claim that his counsel was ineffective for failing to argue that I.C. § 18-3316 violated the Bill of Attainder Clause of the United States and Idaho Constitutions.

**B.     Ex Post Facto**

Zivkovic argues that the district court erred in dismissing his claim that his counsel was ineffective for failing to argue that I.C. § 18-3316 is an ex post facto law prohibited by the United States and Idaho Constitutions. Among other things, the ex post facto doctrine prohibits a state from retroactively increasing the punishment for criminal acts. *Collins v. Youngblood*, 497 U.S. 37, 43 (1990); *State v. Lovelace*, 140 Idaho 73, 77, 90 P.3d 298, 302 (2004). Article I, Section 16 of the Idaho Constitution provides, in relevant part, that "no . . . ex post facto law . . . shall ever be passed." Similarly, Article I, Section 10, Clause 1, of the United States Constitution prohibits a state from passing an "ex post facto law."[2]

Our Idaho Supreme Court has recognized that the two constitutional provisions may not necessarily be of the same scope or subject to exactly the same interpretation. *See Quinlan v. Idaho Comm'n for Pardons and Parole*, 138 Idaho 726, 731, 69 P.3d 146, 151 (2003); *State v. Lindquist*, 99 Idaho 766, 769, 589 P.2d 101, 104 (1979). However, our appellate courts have traditionally cited the two constitutional provisions together, without recognition of the possibility of a difference in scope or analysis. *See Lovelace*, 140 Idaho at 77, 90 P.3d at 302; *State v. O'Neill*, 118 Idaho 244, 246-47, 796 P.2d 121, 123-24 (1990); *State v. Byers*, 102 Idaho 159, 166, 627 P.2d 788, 795 (1981); *Wolf v. State*, 99 Idaho 476, 480, 583 P.2d 1011, 1015 (1978); *State v. Nickerson*, 132 Idaho 406, 411-12, 973 P.2d 758, 763-64 (Ct. App. 1999); *LaFon*

---

[2]     Article I, Section 9, Clause 3, of the United States Constitution prohibits Congress from passing an "ex post facto law."

*v. State*, 119 Idaho 387, 389, 807 P.2d 66, 68 (Ct. App. 1991); *Mellinger v. Idaho Dep't of Corrs.*, 114 Idaho 494, 498, 757 P.2d 1213, 1217 (Ct. App. 1988); *Almada v. State*, 108 Idaho 221, 224, 697 P.2d 1235, 1238 (Ct. App. 1985).

In this appeal, Zivkovic has made no argument that our state constitutional ex post facto provision should be applied differently than the corresponding provision of the United States Constitution nor has he cited any factor supporting such a divergence. *See generally State v. Fees*, 140 Idaho 81, 88-89, 90 P.3d 306, 313-14 (2004); *State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999). Therefore, we will assume for purposes of this appeal that the two constitutional provisions are coextensive.

The Ex Post Facto Clause of the United States Constitution prohibits a law which imposes a greater punishment on a defendant than when he or she was convicted of the underlying offense, makes a punishment for a crime greater than it was when it was committed, or deprives a defendant of a defense available at the time the act was committed. *United States v. George*, 625 F.3d 1124, 1130 (9th Cir. 2010). For a criminal law to be ex post facto, it must be retrospective and disadvantage the offender affected by it. *Id*. A law is retrospective if it changes the legal consequences of acts completed before its effective date. *Id*. So long as the actual crime for which a defendant is being sentenced occurred after the effective date of the new statute, however, there is no ex post facto violation. *United States v. Baca-Valenzuela*, 118 F.3d 1223, 1231 (8th Cir. 1997). In this case, Zivkovic's possession of the firearm occurred after the effective date of the "new" statute.[3] Therefore, I.C. § 18-3316 did not operate as an ex post facto law. Zivkovic's counsel was not required to raise a nonmeritorious issue in the court below. Therefore, we hold that the district court did not err in dismissing Zivkovic's claim that his counsel was ineffective for failing to argue that I.C. § 18-3316 violated the Ex Post Facto Clause of the United States and Idaho Constitutions.

## IV.
## CONCLUSION

We hold that the district court did not err in summarily dismissing Zivkovic's application for post-conviction relief because Zivkovic's counsel was not ineffective for failing to argue that

---

[3]     Zivkovic pled guilty to unlawful possession of a firearm by a felon on February 26, 2009. Idaho Code Section 18-3316 became effective April 8, 1992. 1992 Idaho Sess. Laws ch. 224. It was last amended March 21, 2002. 2002 Idaho Sess. Laws ch. 187.

I.C. § 18-3316 is unconstitutional as a bill of attainder and that it violates the Ex Post Facto Clause of the United States and Idaho Constitutions. Accordingly, the district court's order summarily dismissing Zivkovic's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**