# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 41115

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, May 2014 Term |
| | ) | |
| v. | ) | 2014 Opinion No. 53 |
| | ) | |
| BOB LESTER BOREN, a/k/a BOBBY LEE BOREN, | ) | Filed: June 17, 2014 |
| | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| Defendant-Appellant. | ) | |
| _____ | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

The judgment of conviction is <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender, Boise, for appellant. Jason C. Pintler argued.

Honorable Lawrence G. Wasden, Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

J. JONES, Justice.

Bob Lester Boren appeals from the judgment of conviction entered upon his conditional guilty plea to unlawful possession of a firearm. Boren claims that the district court erred in denying his motion to dismiss the charge. We affirm.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

On July 15, 2011, law enforcement officers executed a search warrant at Boren's home in Canyon County. During the search of Boren's bedroom, the officers discovered a .22 semi-automatic pistol and a .22 rifle. Boren was subsequently charged with unlawful possession of a firearm in violation of Idaho Code § 18-3316. That statute makes it a felony for any person who has been convicted of a felony to own, purchase, or possess a firearm. I.C. § 18-3316(1). Boren had previously been convicted of two felonies: a 1984 conviction in Oregon for delivery of a

1

controlled substance and a 1988 conviction in Nevada for possession of a controlled substance for purpose of sale. The prohibition in Idaho Code § 18-3316(1) applies to persons convicted of felonies in other states. I.C. § 18-3316(2).

Boren filed a motion to dismiss in district court, arguing that his two prior felony convictions could not be used to support the unlawful possession of a firearm charge because his right to bear arms had been restored under Idaho Code § 18-310. The district court denied Boren's motion, finding that the statute did not operate to restore his gun rights. Boren then entered a conditional guilty plea and reserved the right to appeal the district court's denial of his motion to dismiss. The district court imposed a unified three-year sentence with one year fixed, but suspended the sentence and placed Boren on probation for a three-year period. Boren timely appealed. The Court of Appeals initially heard the case and vacated Boren's conviction. This Court granted the State's petition for review.

## II.
## ISSUE ON APPEAL

The only issue on appeal is whether the district court erred in denying Boren's motion to dismiss.

## III.
## ANALYSIS

### A. Standard of review

"In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Oliver*, 144 Idaho 722, 724, 170 P.3d 387, 389 (2007). Statutory interpretation is a question of law over which the Court exercises free review. *Albee v. Judy*, 136 Idaho 226, 230, 31 P.3d 248, 252 (2001).

### B. Boren's right to bear arms was not restored.

Boren was convicted for violating Idaho Code § 18-3316(1), which prohibits "[a] person who previously has been convicted of a felony" from purchasing, owning, possessing, or having any firearm under his custody or control. However, Boren asserts that this prohibition did not apply to him based on subsection (4) of the statute. Subsection (4) provides:

> Subsection (1) of this section shall not apply to a person whose conviction has been nullified by expungement, pardon, setting aside the conviction or other comparable procedure by the jurisdiction where the felony conviction occurred; or

2

whose civil right to bear arms either specifically or in combination with other civil rights has been restored by any other provision of Idaho law.

I.C. § 18-3316(4).

Boren does not claim that his right to bear arms was restored by the law of either Nevada or Oregon, where his out-of-state felony convictions occurred. Rather, he claims that his right to bear arms was restored pursuant to Idaho Code § 18-310. That statute reads in pertinent part:

(2) Upon final discharge, a person convicted of any Idaho felony shall be restored the full rights of citizenship, except that for persons convicted of treason or those offenses enumerated in paragraphs (a) through (jj) of this subsection[1] the right to ship, transport, possess or receive a firearm shall not be restored. . . .

. . . .

(kk) The provisions of this subsection shall apply only to those persons convicted of the enumerated felonies in paragraphs (a) through (jj) of this subsection on or after July 1, 1991. . . .

. . . .

(4) Persons convicted of felonies in other states or jurisdictions shall be allowed to register and vote in Idaho upon final discharge which means satisfactory completion of imprisonment, probation and parole as the case may be. *These individuals shall not have the right restored to ship, transport, possess or receive a firearm, in the same manner as an Idaho felon as provided in subsection (2) of this section.*

I.C. § 18-310(2) (emphasis added).

The district court found that "by its express language, [Idaho Code] section 18-310(4) does not operate to restore Boren's right to bear arms after final discharge from the alleged out-of-state convictions." Boren argues that the district court erred in its interpretation of the statute. He points out that his out-of-state convictions for drug offenses were prior to 1991, so paragraph (kk) of subsection (2) automatically restored his right to bear arms when he completed his probation for the out-of-state felonies. However, subsection (2) only applies to "a person convicted of any Idaho felony." Subsection (4) deals with persons convicted of out-of-state felonies. While the second sentence of subsection (4) does make reference to subsection (2), it does not provide for the restoration of any right whatsoever. The second sentence says that individuals convicted of out-of-state felonies "shall not have the right restored." It is not clear what the language following "firearm" means, but what is absolutely certain is that the second

---

[1] Boren's Oregon and Nevada convictions are for offenses comparable to those included within these paragraphs.

sentence does not provide for the restoration of any right of any nature.[2]  If the "not" had not been written into the second sentence, Boren might have better ground upon which to base his argument.

Problematic for Boren is the fact that Idaho Code § 18-3316(1) criminalizes a convicted felon's possession of a firearm, unless that right has been affirmatively restored by Idaho law. I.C. § 18-3316(4). No specific provision in Idaho's statutory framework automatically restores a person's right to bear arms if that person was convicted of an out-of-state felony.[3] Because there is no explicit grant that restores the right to bear arms within the statutory framework at issue, Boren's right to bear arms was not automatically restored under Idaho law, and the district court did not err in denying his motion to dismiss.

## IV.
## CONCLUSION

We affirm the judgment of conviction.

Chief Justice BURDICK, and Justices EISMANN, W. JONES, and HORTON CONCUR.

---

[2] By contrast, the first sentence of subsection (4) clearly states that "[p]ersons convicted of felonies in other states or jurisdictions shall be allowed to register and vote in Idaho upon final discharge." Subsection (4) was enacted into law in 2004 at the instance of the Secretary of State. 2004 Idaho Sess. Laws. ch. 166, p. 541. The Statement of Purpose for the legislation indicated, "[t]his legislation clarifies the restoration of voting rights of persons convicted of a felony in another state or jurisdiction."

[3] Though not an automatic restoration of the right to bear arms, subsection (3) of I.C. § 18-310 provides an avenue for Boren and others who are similarly situated to nonetheless have that right restored. It provides in part:

> (3) A person not restored to the civil right to ship, transport, possess or receive a firearm may make application to the commission of pardons and parole to restore the civil right to ship, transport, possess or receive a firearm. The commission shall not accept any such application until five (5) years after the date of final discharge. The commission shall conduct the proceeding upon such application pursuant to rules adopted in accordance with the law.

I.C. § 18-310(3). There is no indication in the record that Boren ever filed such an application.

4