**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52113**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Opinion Filed: December 18, 2025** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| CORDELLE ANTHONY JAMESON | ) |
| SLINKARD, | ) |
| | ) |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Barbara Duggan, District Judge.

Judgment of conviction for unlawful possession of a firearm, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Cordelle Anthony Jameson Slinkard appeals from his judgment of conviction for five counts of unlawful possession of a firearm. Slinkard argues the district court erred when it denied his Idaho Criminal Rule 29 motion for judgment of acquittal because his previous conviction for forgery is not one of the enumerated felonies that prohibits firearm possession. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 14, 2023, Slinkard was granted a withheld judgment and placed on supervised probation for a period of two years following his guilty plea to forgery, a felony in violation of Idaho Code § 18-3601. On August 7, 2023, a probation officer and local law enforcement officer went to Slinkard's home to conduct a probation compliance check. Upon their arrival, the officers

1

observed a vehicle parked near Slinkard's residence. Slinkard confirmed he was subleasing the vehicle and used it for his security company.

Slinkard admitted to the officers that there was a handgun registered in Slinkard's name located inside of the vehicle; the officers then searched Slinkard's vehicle. In the back seat, the officers found a duty bag that contained a 9mm handgun, a .40 caliber handgun, and a business card for Slinkard's security company with Slinkard's name printed on it. In the hatch area of the vehicle, the officers found a duty belt with a 9mm handgun in the holster of the belt; a 12-gauge shotgun; another duty bag that contained an AR-15 rifle; and two ballistic vests, one of which had a name tag that read "Slinkard" and an attached key fob that operated the vehicle. The officers also found other various tactical gear within the vehicle, including tasers, handcuffs, ammunition, and multiple loaded magazines.

Slinkard was arrested and charged with five counts of unlawful possession of a firearm, I.C. § 18-3316. Slinkard pleaded not guilty to all charges and the case proceeded to a jury trial. After the State rested, Slinkard moved for a judgment of acquittal pursuant to I.C.R. 29 asserting that under the plain language of I.C. § 18-3316, he did not qualify as having been previously convicted of a felony. The district court denied the motion and the jury found Slinkard guilty on all counts. Slinkard appeals.

## II.

## STANDARD OF REVIEW

In reviewing the denial of a motion for judgment of acquittal, the appellate court must independently consider the evidence in the record and determine whether a reasonable mind could conclude that the defendant's guilt as to such material evidence of the offense was proven beyond a reasonable doubt. *State v. Mercer*, 143 Idaho 108, 109, 138 P.3d 308, 309 (2006).

The interpretation of a statute is an issue of law over which we exercise free review. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

## III.

## ANALYSIS

On appeal, Slinkard argues the district court erred when it denied his I.C.R. 29 motion for judgment of acquittal because Slinkard did not qualify as having been previously convicted of a felony under the plain, unambiguous language of I.C. § 18-3316. Slinkard argues his previous conviction for forgery is not one of the felonies enumerated in I.C. § 18-310 and therefore, he had

2

not been "convicted of a felony" for purposes of I.C. § 18-3316. Additionally, Slinkard argues the comment to Idaho Criminal Jury Instruction 1403 supports his interpretation. The State responds that I.C. § 18-310(1) suspends the right to possess a firearm for any person convicted of "*any* felony" sentenced to the custody of the Idaho Department of Correction (IDOC), which includes individuals like Slinkard who are on felony probation. The State further argues the language in I.C. § 18-3316(2), which provides that "convicted of a felony" "*shall include*" those convicted of "any of the crimes enumerated in section 18-310," is inclusive language, not exclusive. Finally, the State responds that jury instruction comments are not relevant to statutory interpretation and that no deference is extended to the comments.

## A.   Plain Language of Idaho Code § 18-3316

Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id*. Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

Idaho Code § 18-3316 states, in pertinent part:

> (1)   A person who previously has been convicted of a felony who purchases, owns, possesses, or has under his custody or control any firearm shall be guilty of a felony and shall be imprisoned in the state prison for a period of time not to exceed five (5) years and by a fine not to exceed five thousand dollars ($5,000).
> (2)   For the purpose of subsection (1) of this section, "convicted of a felony" shall include a person who has entered a plea of guilty, nolo contendere or has been found guilty of any of the crimes enumerated in section 18-310, Idaho

3

Code, or to a comparable felony crime in another state, territory, commonwealth, or other jurisdiction of the United States.

In denying Slinkard's I.C.R. 29 motion, the district court relied on *United States v. Sharp*, 145 Idaho 403, 179 P.3d 1059 (2008) and *State v. Cook*, 143 Idaho 323, 144 P.3d 28 (Ct. App. 2006) to conclude that Slinkard's guilty plea and outstanding withheld judgment for the prior forgery charge rendered Slinkard "convicted of a felony." The district court then looked at several Idaho cases to determine whether, in light of that felony conviction, Slinkard was prohibited from possessing a firearm. The district court broadly summarized the cases as generally recognizing that a person convicted of a felony who is on supervised probation is prohibited from possessing firearms. Specifically, the district court looked to the language in *Zivkovic v. State*, 150 Idaho 783, 251 P.3d 611 (Ct. App. 2011) as a "broad indication and statement that any person who has been convicted of a felony in Idaho is subject to Idaho Code Section 18-3316 and prohibited from possessing a firearm." The district court reasoned:

> The indication in this case is if you strictly read [I.C. §] 18-3316 as it directs you to [I.C. §] 18-310, [I.C. § 18-310(1)] specifically indicates, "A sentence of custody to the Idaho state board of correction suspends all civil rights of the person so sentenced." I will skip some language here, but it specifically says later, and further--"and provided further that any such person may lawfully exercise all civil rights that are not political during any period of parole or probation, except the right to ship, transport, possess or receive a firearm and the right to refuse treatment authorized by a sentencing court."

The district court determined that when reading the statutes together, I.C. § 18-3316 applied to those felonies specifically listed in I.C. § 18-310(2) and also to any person who has been convicted of a felony and is on supervised probation per the language of I.C. § 18-310(1). While not explicitly finding Slinkard had a prior felony conviction as defined by I.C. § 18-310(1), it is clear from the record that was the subsection considered by the district court. As a result, the district court concluded there was substantial evidence in the record from which a jury could determine that at the time Slinkard was in possession of the firearms: (1) Slinkard was a convicted felon; and (2) Slinkard's gun rights had not been restored as he was still on supervised felony probation.

Slinkard argues the district court's interpretation deviates from the rules of statutory construction and "improperly reads 'any of the crimes enumerated in section 18-310, Idaho Code,' out of Section 18-3316(2), replacing that language with 'any Idaho felony.'" Slinkard argues that "enumerated," as used in I.C. § 18-3316(2), means "designated" or "specifically mentioned" and,

thus, because forgery is not specifically mentioned in I.C. § 18-310, Slinkard had not been convicted of a felony for purposes of I.C. § 18-3316(1).

We disagree. The language "crimes enumerated in section 18-310" contained in I.C. § 18-3316(2) references I.C. § 18-310 in its entirety, not just subsection (2). For purposes of this case, I.C. § 18-310 has two relevant subsections. Subsection (1) enumerates a general category of crimes for which gun rights are automatically reinstated upon completion of the sentence. This category of crimes includes any crime for which a person is sentenced to the custody of IDOC:

> (1) A sentence of custody to the Idaho state board of correction suspends all the civil rights of the person so sentenced, including the right to refuse treatment authorized by the sentencing court, and forfeits all public offices and all private trusts, authority or power during such imprisonment: provided that any such person may bring an action for damages or other relief in the courts of this state or have an action brought against such person; and provided further that any such person may lawfully exercise all civil rights that are not political during any period of parole or probation, except the right to ship, transport, possess or receive a firearm, and the right to refuse treatment authorized by the sentencing court.

I.C. § 18-310(1). Subsection (2) indicates that those convicted of the crimes in subsection (1) shall be fully restored their civil rights, including their gun rights, but also enumerates certain crimes for which there is no automatic restoration of gun rights:

> (2) Upon final discharge, a person convicted of any Idaho felony shall be restored the full rights of citizenship, except that for persons convicted of treason or those offenses enumerated in paragraphs (a) through (hh) of this subsection the right to ship, transport, possess or receive a firearm shall not be restored. As used in this subsection, "final discharge" means satisfactory completion of imprisonment, probation and parole as the case may be.

I.C. § 18-310(2). In contrast to the automatic restoration of gun rights for the general crimes in subsection (1), the specific crimes listed in subsection (2)(a)-(hh) require an application to restore gun rights after an additional waiting period. Subsection (3) contains the procedure for the application process and, for certain crimes, prohibits any restoration of gun rights altogether:

> (3) A person not restored to the civil right to ship, transport, possess or receive a firearm may make application to the commission of pardons and parole to restore the civil right to ship, transport, possess or receive a firearm. The commission shall not accept any such application until five (5) years after the date of final discharge. The commission shall conduct the proceeding upon such application pursuant to rules adopted in accordance with the law. The commission shall not restore the right to ship, transport, possess or receive a firearm to any person convicted of murder in the first degree (18-4003, Idaho Code), murder in the second degree (18-4003, Idaho Code), or any felony enumerated in paragraphs

5

(a) through (hh) of subsection (2) of this section, upon which the sentence was enhanced for the use of a firearm during the commission of said felony.

I.C. § 18-210(3). Thus, I.C. § 18-310 enumerates two different categories of crimes. The first category of crimes is set forth in I.C. § 18-310(1) and includes *any felony* for which a person has been sentenced to the of custody of IDOC and whose rights to "ship, transport, possess or receive a firearm" are automatically restored upon completion of their sentence. The second category of crimes is set forth in I.C. § 18-310(2). These are felony crimes for which there is no automatic restoration of gun rights, and for some specific crimes, a permanent prohibition of gun rights. For those crimes listed in I.C. § 18-310(2) that are eligible for restoration of gun rights, additional requirements must be met.[1]

Idaho Code § 18-3316 references I.C. § 18-310, which plainly includes all the subsections of I.C. § 18-310 and thus, includes both enumerated categories of crimes set forth in I.C. § 18-310(1) and (2).

Slinkard argues that the language of I.C. § 18-3316(2) which states, "[f]or the purpose of subsection (1) of this section, 'convicted of a felony' shall include a person who has entered a plea of guilty, nolo contendere or has been found guilty of any of the crimes enumerated in section 18-310, Idaho Code," means that I.C. § 18-3316 only applies to those crimes listed in I.C. § 18-310(2). However, as noted above, I.C. § 18-3316 references I.C. § 18-310 in its entirety; it does not limit its reference to I.C. § 18-310(2). To read I.C. § 18-3316 as only applying to I.C. § 18-310(2) when it references I.C. § 18-310 as a whole adds a limiting term to I.C. § 18-3316 that reads out the category of crimes enumerated in I.C. § 18-310(1). Provisions are interpreted within the context of the whole statute, not as isolated provisions. *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020). This includes giving effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant. *Id*. Moreover, this Court cannot insert terms or provisions into statutes which are obviously not there. *State v. Castrejon*, 163 Idaho 19, 24, 407 P.3d 606, 611 (Ct. App. 2017). As a result, this Court cannot limit a statute by changing the statutory reference from the entire statute to a specific subsection and we decline to read out of I.C. § 18-3316(2) the general category of crimes enumerated in I.C. § 18-310(1).

This is consistent with the language of the opinion in *Zivkovic*, where this Court recognized:

---

[1]     We note there is a third category of crimes, those involving out-of-state convictions, but that category is not relevant in this case.

6

> Idaho Code Section 18-3316 sets forth a rule generally applicable to all persons having a certain characteristic--being convicted of a felony. Any person who has been convicted of a felony in Idaho is subject to I.C. § 18-3316 and prohibited from possessing a firearm. I.C. § 18-3316(1).

*Zivkovic*, 150 Idaho at 787-88, 251 P.3d at 615-16. While the issue in *Zivkovic* was whether I.C. § 18-3316 constituted a bill of attainder, in addressing the issue, this Court first addressed the specificity of the persons who would be affected by the legislation. *Zivkovic*, 150 Idaho at 787, 251 P.3d at 15. The general category of "any person who has been convicted of a felony" is a much broader category than "any person convicted of a crime enumerated in I.C. § 18-310(2)." Thus, this Court implicitly held that the scope of I.C.§ 18-3316 applies to "[a]ny person who has been convicted of a felony in Idaho" as provided in I.C. § 18-310(1), not just those convicted of the enumerated offenses in I.C. § 18-310(2). *Zivkovic*, 150 Idaho at 788, 251 P.3d at 16.

The Idaho Supreme Court similarly noted that I.C. § 18-3316(1) "makes it a felony for any person who has been convicted of a felony to own, purchase, or possess a firearm." *State v. Boren*, 156 Idaho 498, 328 P.3d 478 (2014). The issue in *Boren* was whether Boren's gun rights were restored pursuant to I.C. § 18-310. *Id*. Boren argued his out-of-state felony convictions were prior to 1991, and because he had completed his probation, his gun rights were automatically restored pursuant to I.C. § 18-310(2). *Boren*, 156 Idaho at 499, 328 P.3d at 479. The *Boren* Court rejected this interpretation, noting subsection (4) of I.C. § 18-310 deals with persons convicted of out-of-state felonies and that subsection states those individuals "shall not have the right restored." *Boren*, 156 Idaho at 500, 328 P.3d at 480. The Court first held that "Idaho Code § 18-3316(1) criminalizes a convicted felon's possession of a firearm, unless that right has been affirmatively restored by Idaho law." *Boren*, 156 Idaho at 500, 328 P.3d at 480. The Court then held that Boren's gun rights had not been automatically restored under Idaho law because "there is no explicit grant that restores the right to bear arms within the statutory framework at issue." *Id*.

Slinkard argues *Boren* did not explicitly address the issue of whether a forgery conviction meant a person was "convicted of a felony" under I.C. § 18-3316. Slinkard is correct, however, the *Boren* Court explicitly held that I.C. § 18-3316(1) makes it a felony for any person who has been previously convicted of a felony to possess a firearm unless that right has been affirmatively restored by Idaho law. *Boren*, 156 Idaho at 500, 328 P.3d at 480.

Slinkard received a withheld judgment for forgery and was placed on supervised felony probation for two years. It is well established that a withheld judgment constitutes a conviction.

7

*Sharp*, 145 Idaho 403, 179 P.3d 1059. When a defendant receives a withheld judgment for a felony, they are placed on probation under the supervision of IDOC. I.C. § 19-2601(5); *Peltier v. State*, 119 Idaho 454, 460, 808 P.2d 373, 379 (1991). Thus, Slinkard's forgery charge is included in the crimes enumerated in I.C. § 18-310 because it is a prior felony conviction for which Slinkard was actively serving a sentence under the custody of IDOC at the time of the charges in this case. It is undisputed that Slinkard's gun rights had not yet been restored. Consequently, Slinkard falls within the purview of I.C. 18-3316(1).

We hold that under the plain language of I.C. § 18-3316, Slinkard was "convicted of a felony" because at the time of the offenses in this case, Slinkard was on supervised probation for forgery, a felony included in the category of crimes encompassed within I.C. § 18-310, which prohibits the possession of firearms until final discharge.

**B.     Idaho Criminal Jury Instruction 1403**

Next, Slinkard argues the comment to ICJI 1403 supports his argument that he was not "convicted of a felony" for purposes of I.C. § 18-3316. The comment to ICJI 1403 states, in pertinent part: "The felony must have been one of the crimes enumerated in I.C. [§] 18-310 or any comparable crime denominated a felony under the law of another state, territory, commonwealth, or other jurisdiction of the United States." Slinkard cites to *State v. Bodenbach*, 165 Idaho 577, 586, 448 P.3d 1005, 1014 (2019), where the Idaho Supreme Court stated that "pattern jury instructions are presumptively correct" to further support his interpretation that he was not "convicted of a felony" for purposes of I.C. § 18-3316.

The State argues the comment to ICJI 1403 applies to all sections of I.C. § 18-310, not just the offenses listed in subsection (2). The State further argues that to the extent the ICJI 1403 comment intends to limit the application to I.C. § 18-310(2), the presumption that jury instructions are correct does not extend to the comments. We agree.

For the same reasons discussed above, the comment to ICJI 1403 applies to both categories of crimes enumerated in I.C. §§ 18-310(1) and (2). If the comment was to limit the felonies to only those listed in I.C. § 18-310(2), it would have done so. As a result, we need not address any presumptions of correctness because, by the plain language of the comment, the crimes are not limited to those listed in I.C. § 18-301(2). Therefore, the comment to ICJI 1403 does not change the analysis or outcome in this case.

## C.      Idaho Criminal Rule 29 Motion for Acquittal

Finally, we address Slinkard's argument that the district court erred when it denied his I.C.R. 29 motion for acquittal.  Slinkard argues "there was no way for a reasonable mind to conclude that [he] was guilty beyond a reasonable doubt as to the 'convicted of a felony' material element of unlawful possession of a firearm."  The State responds that the district court correctly concluded there was substantial and competent evidence sufficient to support a guilty verdict under the plain meaning of I.C. §§ 18-3316 and 18-310.

As explained above; in reviewing the denial of a motion for judgment of acquittal, the appellate court must independently consider the evidence in the record and determine whether a reasonable mind could conclude that the defendant's guilt as to such material evidence of the offense was proven beyond a reasonable doubt.  *Mercer*, 143 Idaho at 109, 138 P.3d at 309.

As noted by the district court, the record contains a certified copy of Slinkard's withheld judgment for his felony forgery conviction pursuant to I.C. § 19-2601, dated March 14, 2023.  The judgment contains Slinkard's full name, date of birth, and social security number.  The probation officer who went to Slinkard's home the day of the probation compliance check confirmed Slinkard's identification and probation status.  Slinkard admitted to the officers that the vehicle parked outside of his home was his and there was a handgun registered to him located in the vehicle.  The officers found five firearms inside Slinkard's vehicle, along with a business card and a ballistic vest both containing Slinkard's name.

Both officers who were present at Slinkard's home during the probation compliance check identified Slinkard and testified at trial.  The record contains photographs admitted into evidence of the five firearms found in Slinkard's possession on the date of the compliance check.  We agree with the district court's determination that there was sufficient information in the record to hold that a reasonable jury could conclude Slinkard was guilty beyond a reasonable doubt of being a felon in possession of a firearm on August 7, 2023.  We affirm the district court's denial of Slinkard's I.C.R. 29 motion for judgment of acquittal.

## IV.

## CONCLUSION

Slinkard has failed to show that the district court erred in denying his I.C.R. 29 motion for judgment of acquittal.  Accordingly, Slinkard's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.

9